[Civ. No. 34128.  Second Dist., Div. Five.  May 9, 1969.]

JAMES ROBERT DAVIS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

James Robert Davis, in pro. per., for Petitioner.

John D. Maharg, County Counsel, and Jean Louise Webster, Deputy County Counsel, for Respondent.

KAUS, P. J.—This proceeding involves a problem of judicial housekeeping, brought about by: (1) the fact that section 1237.5 of the Penal Code appears to abolish all appeals in criminal cases where the defendant has pleaded guilty or *nolo contendere*,[1] unless the trial court executes and files a certificate of probable cause; (2) the Judicial Council's literal interpretation of section 1237.5 in rule 31(d) of the California Rules of Court; and (3) the Supreme Court's different reading of the section in *People* v. *Ward,* 66 Cal.2d 571 [58 Cal.Rptr. 313, 426 P.2d 881].

In the respondent court petitioner was charged with robbery and murder. After first pleading not guilty, he eventually withdrew that plea and pleaded guilty to murder in the first degree. The court stated that the death sentence would not be imposed. Judgment on the murder count was rendered on November 18, 1968. The penalty was fixed at life imprisonment. The robbery count was dismissed.

On November 25 petitioner attempted to file a "Notice Of Appeal And In [*sic*] Application For Certificate Of Probable Cause." In the verified application petitioner complained of ineffective representation by counsel, insufficient investigation of possible defenses and illegality of certain confessions he had made to the police. He also claimed that his guilty plea was obtained by psychological coercion.

Although petitioner had technically complied with the requirement of section 1237.5 of the Penal Code, which made it incumbent on him to file "a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and had done so within certain time limits set forth in rule 31(d), his statement was not brought to the

---

[1] For brevity, we shall not refer to *nolo contendere* pleas in this opinion.

attention of the trial court.[2] Instead, on November 26, petitioner received a form letter from the county clerk, informing him that no action would be taken on his notice of appeal unless he filed the written statement required by section 1237.5. The section was quoted in full. On December 20 a second written statement was filed. It contained the same allegations as the first. It was immediately denied by the judge who had sentenced petitioner. On January 10, 1969, petitioner filed a similar statement with this court. Since the only legitimate purpose of that filing was that we direct the respondent court to file petitioner's notice of appeal and, by inference, to prepare a record, we treated it as a petition for a writ of mandate and issued an alternative writ.[3]

The Supreme Court's decision in *People* v. *Ward, supra,* 66 Cal.2d 571, when read together with rule 31(d), has created a dilemma for court clerks. *Ward* holds that section 1237.5 was not intended to apply to errors that occurred in proceedings "subsequent to entry of the guilty plea for purposes of determining the degree of the crime or the penalty to be imposed." (*People* v. *Delles,* 69 Cal.2d 906, 909 [73 Cal.Rptr. 389, 447 P.2d 629]; *People* v. *Brown* 260 Cal.App.2d 745, 746-747 [67 Cal.Rptr. 288].) Since post-plea error can occur in every case and since, absent the restrictions of section 1237.5 and rule 31(d), the clerk must automatically prepare a record after a notice of appeal is filed (Cal. Rules of Court, rules 33-35), it follows from *People* v. *Ward* that he may not refuse to do so simply because there has been such a plea. On the other hand rule 31(d) tells him that such an appeal shall not be operative unless the statement and certificate of probable cause required by section 1237.5 are filed within certain time limits set forth in the rule.

Section 1237.5 says nothing about the preparation of a record. Theoretically it could have been the intent of the Legislature to permit the record to be prepared as on all other

---

[2] We do not intimate that petitioner's compliance with section 1237.5 was other than technical. As we point out below, there was no reasonable possibility that an appellate record would shed any light on the truth or falsity of his claims.

[3] We have considered the question whether the filing in this court is, in reality, an attempted appeal from the denial of petitioner's application of December 20, an application which in some respects reads like a petition for a writ of error *coram nobis.* (See *People* v. *Griggs,* 67 Cal.2d 314 [61 Cal.Rptr. 641, 431 P.2d 225].) We have concluded that in spite of the liberality enjoined on us by *People* v. *Griggs,* we cannot so consider petitioner's paper, since as a notice of appeal it was filed late and is not accompanied by a request for relief under rule 31(a).

appeals, leaving it to the Court of Appeal to dismiss appeals covered by the section. The Judicial Council thought otherwise, but evidently failed to foresee the continued vitality of appeals following pleas of guilty, recognized by *Ward,* when it adopted rule 31(d) to implement section 1237.5. Applied to appeals which do not raise post-plea errors, rule 31(d) is eminently sensible in that it makes it unnecessary to resort to the Court of Appeal with a motion to dismiss; on the other hand, when an appellant does intend to raise such a point, the very opposite is true, as shown by this proceeding. Quite obviously, unless Courts of Appeal are to be continuously involved in the process of preparing a record, new legislation or rule-making is essential.

In the meanwhile it will be necessary to work out some stop-gap procedure which, while maintaining the absolute right to an appeal which raises post-plea errors, does not completely nullify the salutary purpose of rule 31(d) that records for appeals that must surely be dismissed need not be prepared.

One temporary solution — there probably are others — is this: when the court receives a notice of appeal from a judgment entered upon a plea of guilty which does not comply with the requirements of section 1237.5, the appellant should be told not only about that section, as petitioner was, but also that as an alternative to compliance with section 1237.5, he may file a statement alleging error in proceedings after his plea of guilty. If such a statement is filed, the appeal should be processed. If no such statement is filed, no record needs to be prepared. However, since we cannot very well elevate this suggested procedure to the level of a statute or rule of court, if an appellant still feels that he is entitled to a record, he can always apply for relief in the Court of Appeal, as petitioner has done. Until the Legislature or the Judicial Council has acted, we shall simply have to solve these problems on a case by case basis.

Quite obviously our suggestion is a solution only in the sense that walking solves the problem of transportation when one's car breaks down. The clerk cannot get himself involved in making legal judgments concerning the adequacy of a claim of post-plea error, nor can we very well create a system of trial court judicial supervision which the Legislature has not seen fit to erect. There is little we can do beyond saying that when in doubt the clerk will have to err on the side of preparing the record. Happily, from the point of view of cost, such records tend to be rather slim.

In the case at bar, nothing that petitioner has asserted relates to any impropriety in the post-plea proceedings. Nor would a record be of any help in determining the truth or falsity of any of his claims.[4] To the extent that they may have merit, they can only be asserted in habeas corpus or *coram nobis* proceedings.

We do not know whether petitioner intends to claim any error cognizable on appeal under the doctrine of *People* v. *Ward, supra.* He should be given an opportunity to say that he does.

Let a peremptory writ of mandate issue, ordering the respondent court to cause a normal record to be prepared, if, within 30 days after this decision becomes final, petitioner files a statement claiming error in the proceedings after the entry of his guilty plea.

Stephens, J., and Alarcon, J., concurred.

---

[4]We have caused the superior court file to be lodged with us and therefore have, in effect, a clerk's transcript. It is obvious from the nature of petitioner's allegations that none of his claims could be supported by a reporter's transcript, except only in the most tangential fashion.