[No. A040629. First Dist., Div. One. Dec. 22, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
TED COLLIS KNAUER, Defendant and Appellant.

[No. A042299. First Dist., Div. One. Dec. 22, 1988.]

In re TED COLLIS KNAUER on Habeas Corpus.

**[Opinion certified for partial publication.*]**

---

* Pursuant to California Rules of Court, rules 976.(b) and 976.1, this opinion is certified for partial publication. The portions of the opinion certified for publication follow.

COUNSEL

Robert D. Platt for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and Blair W. Hoffman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RACANELLI, P. J.**—Pursuant to a plea bargain, defendant pled guilty in the municipal court to maintaining a place for the sale of heroin; an additional charge of sale of heroin was dismissed. Defendant was thereafter sentenced by the superior court to prison for the middle term of two years.

. . . . . . . . . . . . . . . . . . . .*

### I. Habeas Corpus*

. . . . . . . . . . . . . . . . . . .

### D. APPEAL

██ Finally, defendant argues Mr. Jaycox neglected to preserve his appeal by failing to file a timely notice of appeal and to obtain a certificate of probable cause.

---

*See footnote, *ante,* page 1124.

Defendant was sentenced on September 21, 1987, and the written judgment and abstract of judgment were signed and filed the next day. ■ ■ ■ ■ The notice of appeal prepared and signed by his attorney was not filed until November 23, 1987, three days beyond the prescribed sixty-day period.[2]

■ Accordingly, we grant the petition for habeas corpus only insofar as it seeks to perfect a timely notice of appeal. Because defendant justifiably relied on his attorney to initiate the filing of the notice of appeal, we apply the doctrine of constructive filing and deem the notice of appeal timely filed. (*In re Benoit* (1973) 10 Cal.3d 72, 86-87 [109 Cal.Rptr. 785, 514 P.2d 97]; see also *In re Hernandez* (1974) 40 Cal.App.3d 893 [115 Cal.Rptr. 495].)

Penal Code section 1237.5 normally requires a certificate of probable cause for an appeal after a plea of guilty or nolo contendere. ■ But no probable cause certificate is required if the appeal is "based solely upon on grounds (1) occurring after entry of such plea which do not challenge the validity of the plea or (2) involving a [contested] search or seizure . . . ." (Cal. Rules of Court, rule 31(d).) (Hereafter rule 31(d).) Sentencing questions fall within the former exception. (*People* v. *Sumstine* (1984) 36 Cal.3d 909, 915, fn. 3 [206 Cal.Rptr. 707, 687 P.2d 904]; *People* v. *Jerome* (1984) 160 Cal.App.3d 1087, 1098 [207 Cal.Rptr. 199].) Accordingly, defendant was not required to obtain a certificate of probable cause to raise his alleged claim of sentencing error.

But rule 31(d) further provides that "the appeal shall not be operative unless the notice of appeal states that it is based upon such grounds." ■ ■ ■ ■ ■ In the present case, defendant's notice of appeal *does* specify a ground, but it is not the sentencing issue now asserted on appeal.[3] The question therefore arises whether this court may properly hear defendant's appeal.

In *People* v. *Ballard* (1985) 174 Cal.App.3d 982 [220 Cal.Rptr. 323], this court viewed the rule 31(d) requirement that appropriate grounds be stated

---

[2] Rule 31(a) of the California Rules of Court requires the notice of appeal in criminal cases to be filed within 60 days of the "rendition of the judgment." The rendition of the judgment is the oral announcement by the court, as distinguished from the signing by the judge or the entry by the clerk. (*People* v. *Mesa* (1975) 14 Cal.3d 466, 471 [121 Cal.Rptr. 473, 535 P.2d 337]; *Peck* v. *Courtis* (1866) 31 Cal. 207; *Gray* v. *Palmer* (1865) 28 Cal. 416; *Brown* v. *Superior Court* (1925) 70 Cal.App. 732, 734-735 [234 P. 409].) Thus, the 60-day period ran from September 21, 1987, the day sentence was pronounced by the court.

[3] The notice of appeal, prepared by Mr. Jaycox, raises the ground of an erroneous refusal to permit defendant to withdraw his guilty plea. Such a claim requires a certificate of probable cause. (*People* v. *Ribero* (1971) 4 Cal.3d 55, 62-64 [92 Cal.Rptr. 692, 480 P.2d 308].) The issue defendant argues on appeal, however, is inadequate reason for denying probation and imposing a prison sentence.

in the notice of appeal as jurisdictional. We there held that when a notice of appeal fails to include a cognizable ground, the appeal "is not operative [and t]he appropriate disposition for such an inoperative appeal is dismissal." (174 Cal.App.3d at p. 985.)

In *Ballard,* the defendant belatedly attempted to raise a search and seizure issue and other undefined issues on appeal subsequent to his guilty plea. Following our review and discussion of relevant authorities, we determined that defendant was precluded from raising the other issues because he had not obtained a certificate of probable cause. (174 Cal.App.3d at pp. 986-989.) We further concluded that as to the search and seizure issue (for which no certificate of probable cause is required), defendant was likewise precluded by reason of his failure to specify an appropriate ground in his notice of appeal: "That defendant's search and seizure contention would have been cognizable on this appeal if he had complied with the second paragraph of rule 31(d) provides no good reason for our ignoring the fact that he has not complied. Nor does any good reason occur to us for giving 'shall not be operative' a different meaning in the second paragraph of rule 31(d) from that which it has in the first paragraph." (*People* v. *Ballard, supra,* 174 Cal.App.3d at p. 989.)

Here, as noted, defendant seeks to raise a postplea claim of sentencing error without having specified such ground in his notice of appeal as required by rule 31(d). Our analysis of the question presented requires that we reexamine the broad language of our holding in *Ballard* concerning the legal effect of such noncompliance. We will conclude that the omission from the notice of appeal of an appropriate ground for an appeal following a guilty plea is not a jurisdictional defect. As we will explain, we construe the language in the second paragraph of rule 31(d) to affect only the process for preparation of the record by the superior court clerk and not the jurisdictional competency of this court to consider a cognizable appeal.

As earlier noted, Penal Code section 1237.5 establishes the jurisdictional limits of this court over appeals after a guilty plea: "No appeal shall be taken" without a certificate of probable cause. Rule 31(d) implements that statutory requirement. (*People* v. *Laudermilk* (1967) 67 Cal.2d 272, 281, fn. 8 [61 Cal.Rptr. 644, 431 P.2d 228], cert. den. 393 U.S. 861 [21 L.Ed.2d 128, 89 S.Ct. 139].)

When originally promulgated in 1965, rule 31(d) declared that following a guilty plea a notice of appeal "shall not be operative" unless a certificate of probable cause is filed within specified time limits. Further, the final paragraph of the rule provided then, as now: "The time for preparing, certifying

and filing the record on appeal or for filing an agreed statement shall commence to run when the appeal becomes operative."[4]

This language signifies that the operative status of the appeal directly relates to the preparation of the record. The rule was apparently designed to instruct superior court clerks not to prepare the record on improper appeals that would surely be dismissed by the Court of Appeal. (See *Davis* v. *Superior Court* (1969) 272 Cal.App.2d 707, 709-710 [77 Cal.Rptr. 779].)

However, as a result of the holding in *People* v. *Ward* (1967) 66 Cal.2d 571 [58 Cal.Rptr. 313, 426 P.2d 881], which carved out an exception to section 1237.5 (postplea errors appealable without a certificate of probable cause), a dilemma was created for superior court clerks since the absence of a certificate of probable cause no longer signalled that the record need not be prepared. (See *In re Harrell* (1970) 2 Cal.3d 675, 706 [87 Cal.Rptr. 504, 470 P.2d 640], cert. den. 401 U.S. 914 [27 L.Ed.2d 814, 91 S.Ct. 890]; *Davis* v. *Superior Court, supra,* 272 Cal.App.2d at p. 710.)

This predicament led then Presiding Justice Kaus in *Davis* v. *Superior Court, supra,* to suggest a temporary solution that a defendant seeking to raise postplea errors should file a statement so stating. "If such a statement is filed, the appeal should be processed. If no such statement is filed, no record needs to be prepared." (272 Cal.App.2d at p. 710.) The obvious purpose of Justice Kaus's suggested expedient was to alert the superior court clerks for purposes of record preparation.

In response to this suggested procedure, the Judicial Council in 1970 added the second paragraph to rule 31(d) to provide, as now, that if a defendant appealed upon postplea grounds which do not challenge the plea itself, the requirements of Penal Code section 1237.5 are inapplicable, "but the appeal shall not be operative unless the notice of appeal states that it is based upon such grounds." Like the language in the first paragraph of rule 31(d) concerning appeals requiring a certificate of probable cause, this language is similarly directed to the superior court clerks. (See *People* v. *Ribero, supra,* 4 Cal.3d at p. 64, fn. 5.)[5]

In short, rule 31(d) does no more than establish a screening mechanism for the aid and benefit of superior court clerks regarding their obligation to

---

[4] Webster's Third New International Dictionary (1961) defines the term "operative" to mean "producing an appropriate or designed effect." (P. 1581.)

[5] In 1972, the second paragraph of rule 31(d) was amended to include an additional exception to the requirement of a certificate of probable cause: a search or seizure issue. (Pen. Code, § 1538.5, subd. (m).) (See generally *People* v. *Kaanehe* (1977) 19 Cal.3d 1, 8 [136 Cal.Rptr. 409, 559 P.2d 1028]; *Moran* v. *St. John* (1968) 267 Cal.App.2d 474, 476 [73 Cal.Rptr. 190].)

prepare an appellate record. The clerks are instructed that no record need be prepared unless the defendant who appeals following a guilty plea has complied with the requirements of Penal Code section 1237.5 (1st par.) or has filed a notice of appeal clearly reflecting that the statutory statement and certificate are unnecessary (2d par.). (See *People* v. *Ballard, supra,* 174 Cal.App.3d at p. 988; *People* v. *Nigro* (1974) 39 Cal.App.3d 506, 509-510 [114 Cal.Rptr. 213].)

We conclude that the specification of appropriate grounds in the notice of appeal is *not* a jurisdictional requirement.[6] Thus, if the clerk were to process the appeal even in the absence of such specification, the defective notice of appeal would not bar appellate review. The defendant's failure to specify the requisite grounds—which in theory would indefinitely suspend preparation of the record—is not a jurisdictional defect and does not otherwise preclude consideration of the merits of the appeal. (*People* v. *Brown* (1985) 166 Cal.App.3d 1166, 1168, fn. 1 [212 Cal.Rptr. 907]; *People* v. *Engel* (1980) 105 Cal.App.3d 489, 494-495 [164 Cal.Rptr. 454].)

## II. The Appeal*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## DISPOSITION

The petition for habeas corpus is granted only to the extent of deeming the notice of appeal timely filed; the petition is denied in all other respects. The judgment is affirmed.

Newsom, J., and Holmdahl, J., concurred.

A petition for a rehearing was denied January 20, 1989.

---

[6]Unlike the procedural setting herein, the several cases mentioned in *Ballard* (174 Cal.App.3d at p. 985) in which dismissal resulted involved a failure to comply with Penal Code section 1237.5, a statutory requirement for an appeal challenging the facial validity of a guilty or no contest plea. Of course, as a practical matter, an unexcused, culpable delay in procuring the record on appeal would ultimately subject the appeal to dismissal upon motion of the court or respondent. (Cal. Rules of Court, rules 10(c), 30.)

* See footnote, *ante,* page 1124.