[No. S041312. Aug. 10, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
WENDALE LEVETTE JONES, Defendant and Appellant.

COUNSEL

Katrin B. Reimuller and J. Courtney Shevelson, under appointments by the Supreme Court, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald E. Niver, Stan M. Helfman and Laurence K. Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WERDEGAR, J.**—Under California Rules of Court, rule 31(d),[1] an appeal taken from a conviction obtained by plea of guilty or nolo contendere is "operative" without issuance of a certificate of probable cause (Pen. Code, § 1237.5)[2] only if the notice of appeal states the appeal is based on either of two broad categories of grounds not requiring a certificate: those involving postplea proceedings and not challenging the validity of the plea, or those involving the validity of a search or seizure previously challenged under section 1538.5 (sometimes collectively referred to here as "noncertificate" grounds). The question presented here is whether, in such an appeal, rule 31(d) restricts the cognizable issues to the particular noncertificate grounds specified in the notice of appeal.

After examining the language and history of rule 31(d), we conclude the rule does not govern the cognizability of noncertificate issues, but, rather, determines only when a noncertificate appeal may proceed. Where, as here, an appellant has in fact complied with rule 31(d) in his notice of appeal, the rule does not restrict the cognizability on appeal of additional, unspecified noncertificate issues or categories of issues.

PROCEDURAL BACKGROUND

Defendant was charged by information with possession of cocaine base for sale (Health & Saf. Code, § 11351.5), transporting a controlled substance (Health & Saf. Code, § 11352, subd. (a)) and driving with a suspended license (Veh. Code, § 14601.1, subd. (a)). After the superior court denied his motion to suppress evidence under section 1538.5, defendant entered pleas of guilty on all counts. The court granted probation, imposing conditions including payment of various fees.

The notice of appeal stated defendant appealed "based upon the grounds that the Court improperly denied his motion to suppress certain evidence pursuant to Penal Code section 1538.5 and/or 1539." No certificate of probable cause was sought or filed.

In his opening brief in the Court of Appeal, defendant did contend the motion to suppress should have been granted. In addition, however, he claimed "[t]he trial court improperly imposed fees as conditions of probation

---

[1]All further rule references are to the California Rules of Court.
[2]All further statutory references are to the Penal Code unless otherwise specified.

by failing to make a determination of appellant's ability to pay or to pronounce them in the oral judgment."

The Court of Appeal affirmed. It held the motion to suppress was properly denied. The court declined to reach the probation condition issues, holding defendant had failed to comply with rule 31(d) by specifying those issues in his notice of appeal and that noncompliance with the rule precluded consideration of the issues on appeal. We granted review on the limited issue of "whether appellant's claims regarding conditions of probation are cognizable on appeal in view of California Rules of Court, rule 31(d), and the contents of his notice of appeal."

I

Section 1237.5 provides "[n]o appeal shall be taken" from a judgment of conviction obtained by plea of guilty or nolo contendere unless the defendant has filed a written statement of cognizable grounds for the appeal—grounds "going to the legality of the proceedings"—and the trial court has certified the existence of probable cause for appeal. Despite the statute's broad language, we have held two types of issues may be raised in a guilty plea appeal without issuance of a certificate: issues relating to the validity of a search or seizure, for which an appeal is provided under section 1538.5, subdivision (m) (*People* v. *Kaanehe* (1977) 19 Cal.3d 1, 8 [136 Cal.Rptr. 409, 559 P.2d 1028]; *People* v. *West* (1970) 3 Cal.3d 595, 600-601 [91 Cal.Rptr. 385, 477 P.2d 409]); and issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed (*People* v. *Ribero* (1971) 4 Cal.3d 55, 61 [92 Cal.Rptr. 692, 480 P.2d 308]; *People* v. *Ward* (1967) 66 Cal.2d 571, 574-576 [58 Cal.Rptr. 313, 426 P.2d 881]).

Rule 31(d), first paragraph, implements section 1237.5's certificate requirement in those cases where a certificate is needed. The first paragraph limits the time for the defendant to file the required statement of grounds, provides the statement may serve as the notice of appeal, and states the appeal "shall not be operative" unless the trial court executes and files the certificate of probable cause.

Rule 31(d), second paragraph, implements our holdings that appeals raising solely search and seizure or postplea punishment issues may proceed without issuance of a certificate. In its entirety, that paragraph provides: "If the appeal from a judgment of conviction entered upon a plea of guilty or

nolo contendere is based solely upon grounds (1) occurring after entry of the plea which do not challenge its validity or (2) involving a search or seizure, the validity of which was contested pursuant to section 1538.5 of the Penal Code, the provisions of section 1237.5 of the Penal Code requiring a statement by the defendant and a certificate of probable cause by the trial court are inapplicable, but the appeal shall not be operative unless the notice of appeal states that it is based upon such grounds."

A summary of the rule's history aids in its interpretation. Rule 31(d) was added in 1965, the same year section 1237.5 was originally enacted. As originally adopted, the rule included only the provisions implementing section 1237.5, provisions now contained, as amended, in the rule's first paragraph. Rule 31(d) as adopted thus provided that an appeal from a guilty plea was not operative unless the trial court had issued a certificate of probable cause. (See Historical Note, 23 West's Ann. Cal. Codes, pt. 2 (1981 ed.) Cal. Rules of Court, rule 31, p. 278.)

In 1967 we decided *People* v. *Ward, supra,* 66 Cal.2d 571, holding that appeals raising postplea punishment issues were not subject to section 1237.5's certificate requirement. In *Davis* v. *Superior Court* (1969) 272 Cal.App.2d 707 [77 Cal.Rptr. 779], then appellate court Justice Kaus noted that rule 31(d) and *Ward* together "ha[ve] created a dilemma for court clerks." (272 Cal.App.2d at p. 709.) "Since post-plea error can occur in every case and since, absent the restrictions of section 1237.5 and rule 31(d), the clerk must automatically prepare a record after a notice of appeal is filed (Cal. Rules of Court, rules 33-35), it follows from *People* v. *Ward* that he may not refuse to do so simply because there has been such a plea. On the other hand rule 31(d) tells him that such an appeal shall not be operative unless the statement and certificate of probable cause required by section 1237.5 are filed within certain time limits set forth in the rule." (*Ibid.*)

To solve the "practical problems" noted in *Davis,* the second paragraph of rule 31(d) was added, effective January 1, 1970. (*People* v. *Ribero, supra,* 4 Cal.3d at p. 64, fn. 5.) As originally adopted, the second paragraph applied to appeals based solely on " 'grounds alleged to have occurred after entry' " of the plea and provided the appeal was not operative " 'unless the notice of appeal states that it is based upon such grounds.' " (*People* v. *Ribero, supra,* 4 Cal.3d at p. 64, fn. 5.) In 1972, the paragraph was amended to substantially its present form, apparently in response to our holdings in *People* v. *West, supra,* 3 Cal.3d at pages 600-601 (certificate not required for appeal of denial of suppression motion) and *People* v. *Ribero, supra,* 4 Cal.3d at pages 62-64 (certificate required for challenge to denial of motion to withdraw

plea). (See Historical Note, 23 West's Ann. Cal. Codes, pt. 1, *supra*, Cal. Rules of Court, rule 31, p. 278.)

## II

Turning to the case under review, we note that although defendant's conviction rests on his plea of guilty, his appeal is authorized by section 1237, which provides, in relevant part, "[a]n appeal may be taken by the defendant: [¶] (a) From a final judgment of conviction except as provided in Section 1237.5." Section 1237.5 creates no bar where, as here, the issues raised are of the two types to which that statute does not apply. (*People* v. *Kaanehe, supra*, 19 Cal.3d at p. 8; *People* v. *Ward, supra*, 66 Cal.2d at pp. 574-576.)

■ Nor does rule 31(d) render the appeal in this case inoperative. The grounds stated in defendant's notice of appeal "involv[ed] a search or seizure, the validity of which was contested pursuant to section 1538.5 of the Penal Code . . . ." (Rule 31(d), 2d par.) Under the rule, as under our holdings, no certificate of probable cause was required, and the appeal was therefore operative.

This case thus does not present any question as to the effects of noncompliance with rule 31(d).[3] Where a criminal appellant has not complied with rule 31(d), either by obtaining a certificate (first paragraph) or by stating noncertificate grounds in the notice of appeal (second paragraph), the appeal is not "operative." No record should be prepared and no briefing undertaken for such an inoperative appeal, which is subject to dismissal on the respondent's or the court's own motion. Even when the record has mistakenly been prepared and briefs filed, the appellant should have no expectation that the inoperative appeal will be heard on its merits.[4] As just discussed, however, the present appeal was operative under rule 31(d); the only question is

---

[3]In his reply brief in the Court of Appeal, defendant appeared to concede his notice of appeal did not comply with rule 31(d). The Court of Appeal relied on this apparent concession in holding the sentencing issues were not cognizable. In this court, however, defendant no longer concedes noncompliance. We conclude the concession was erroneous, as the notice of appeal, by stating noncertificate grounds, did render the appeal operative under rule 31(d).

[4]Where good cause is shown, a reviewing court "may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal." (Rule 45(e).) Courts have granted relief from default to allow filing of an amended notice of appeal complying with rule 31(d), second paragraph. (See *People* v. *Phillips* (1994) 25 Cal.App.4th 62, 67, fn. 3 [30 Cal.Rptr.2d 321]; *People* v. *Peel* (1993) 17 Cal.App.4th 594, 596, fn. 2 [21 Cal.Rptr.2d 449]; cf. *People* v. *Earls* (1992) 10 Cal.App.4th 184, 193 [12 Cal.Rptr.2d 606] [declining to hear appeal on merits where appellant had not attempted to

whether the contents of the notice of appeal restrict the issues cognizable in the appeal.

III

We turn to the question whether defendant's failure to include in his notice of appeal a claim regarding erroneous imposition of probation conditions rendered that claim noncognizable on appeal.

"A guilty plea amounts to an admission of every element of the crime and is the equivalent of a conviction." (*People* v. *Ward, supra,* 66 Cal.2d at p. 574.) For that reason, both before and after the enactment of section 1237.5 and the addition of rule 31(d), issues going to the defendant's guilt or innocence were not and are not cognizable on appeal, while those going to the jurisdiction of the court or the legality of the proceedings were and are reviewable. (*People* v. *DeVaughn* (1977) 18 Cal.3d 889, 895-896 [135 Cal.Rptr. 786, 558 P.2d 872]; *People* v. *Ribero, supra,* 4 Cal.3d at p. 63; *People* v. *Ward, supra,* 66 Cal.2d at p. 575.)

Claims of error in postplea proceedings to determine punishment are also cognizable. In *People* v. *Ward, supra,* 66 Cal.2d at page 575, this court, reviewing earlier cases, noted: "So far as we have been able to determine, the right of an aggrieved defendant to appeal from a court's determination on these issues [of degree and penalty] has never been questioned [citations] albeit the right to challenge a guilty plea on appeal has always been circumscribed." Defendant's guilty plea, therefore, did not make the probation condition issues noncognizable.

No statute or rule purports to restrict criminal appeals to issues stated in the notice of appeal. The rules do not suggest the notice of appeal is to operate as a statement of claims, or that it must include all contentions that may be raised in the briefs. To the contrary, rule 31(b) provides the notice "shall be sufficient if it states in substance that the party appeals from a specified judgment or order or a particular part thereof, and shall be liberally construed in favor of its sufficiency."

Rule 31(d), second paragraph, of course, states an additional requirement for guilty plea appeals based on grounds not requiring a certificate of probable cause. Under the rule, the notice does not serve to trigger the

---

amend the notice of appeal or sought other relief, and "the record discloses no justification" for appellant's failure to comply with rule 31(d)].)

process of preparing and hearing an appeal—that is, the appeal does not become "operative"—unless the notice states the appeal is based on "such grounds." The People assert the rule's reference to "such" grounds requires the appellant to state *each* of the noncertificate grounds to be raised in the appeal. The notice of appeal, they argue, is intended to determine "whether the appeal is operative *upon the stated grounds*." (Italics added.)

The People's suggested construction of the rule's language is a strained one. Rule 31(d), second paragraph, does not provide that the appeal is not operative "except upon the grounds stated." It provides, instead, that the appeal is not operative "unless" the notice of appeal states a ground specified in the rule. Its words, given their plainest and most straightforward meaning, limit only *whether* an appeal may proceed, not *to what extent*.

Consideration of the rule's history reinforces this plain-language reading. As discussed in part I, *ante*, the second paragraph of rule 31(d) was added to solve a practical problem involving preparation of the appellate record: before adoption of this paragraph, superior court clerks faced with a notice of appeal from a guilty plea conviction, without an accompanying certificate of probable cause, did not know whether to prepare the record. Rule 31(d), second paragraph, solves that problem by instructing the clerks not to proceed with record preparation unless the notice states the appeal is based on grounds that do not require a certificate.

Read against this background, the language of rule 31(d) appears clearly intended to determine only *whether* an appeal should proceed and not what issues the reviewing court may consider. If the notice of appeal is accompanied by a certificate of probable cause, or contains a statement of noncertificate grounds, the appeal is "operative," and a record should be prepared. If neither requirement is met, the appeal is not "operative," and no record should be prepared.

The People's interpretation of the rule as requiring specification of all issues intended to be raised on appeal does not address the reasons for the rule's amendment. The "practical problem[] which necessitated this amendment" (*People* v. *Ribero, supra*, 4 Cal.3d at p. 64, fn. 5) was the clerks' uncertainty about whether to prepare a record, not uncertainty about what issues would be cognizable. The normal record prepared by the superior court in an appeal from a judgment of conviction (rule 33(a)) does not vary depending upon the particular issues, or even the general categories of issues, specified in the notice of appeal. Rule 33(a) does not require the clerk and reporters to examine the notice of appeal and attempt to determine what

record might be necessary or useful for consideration of the issues mentioned therein. Whether or not search and seizure issues are specified in the notice, for example, the normal record includes a transcript of "the oral proceedings on any motion made by defendant under section 1538.5 of the Penal Code and denied in whole or part." (Rule 33(a)(2).) Similarly, without regard to the contents of the notice of appeal, the normal record includes transcripts of "proceedings at the time of sentencing" and proceedings "on the entry of any plea other than a plea of not guilty." (*Ibid.*) Even if we were to accept the People's interpretation of rule 31(d), second paragraph, as requiring greater specificity in the notice of appeal, rule 33 would not allow a superior court clerk to omit portions of the normal record the clerk might deem immaterial to the issues specified in the notice.

The People argue more specific notice of the issues to be raised may allow the clerk, in a particular case, to include materials not contained in the normal record but pertinent to the issues identified. The California Rules of Court, however, place the obligation of identifying additional pertinent materials on the *parties*, not on the clerks and court reporters, and provide mechanisms for the parties to supplement the normal record as needed. (See rules 33(b) [request for additional record, made in trial court], and 12(a) [request for augmentation, made in reviewing court].) The clerks and reporters, on whom rests the burden of quickly and accurately preparing thousands of appellate records, should not be expected to take on the additional task of puzzling out, from a defendant's or his attorney's cursory statement in the notice of appeal, the exact record contents that will ultimately be needed for resolution of the appellate claims on their merits.

Requiring trial counsel to specify issues in the notice of appeal, the People also argue, would have the salutary effect of encouraging trial attorneys to forego raising claims they could remedy by other means, such as by a motion in the trial court, and would prevent appellate counsel from raising issues that may not have been apparent at the time of the judgment and may be tangential to the appellant's actual concerns. Whether the proposed construction would in reality have such beneficial effects is subject to considerable doubt; trial attorneys presumably could comply with a requirement that issues be specified simply by listing in the notice of appeal both categories of noncertificate issues.

Compliance with a requirement that issues be specified admittedly might be more difficult were we to adopt the even more demanding interpretation of rule 31(d), seemingly embraced at points in the People's brief, under which the notice of appeal would have to state not merely the *type* of issue

to be raised, but each precise claim of error. Under that construction, however, counsel might be expected to comply by attempting to list every possible source of error in the proceedings, rather than risk precluding appellate counsel from raising an issue that might become apparent on examination of the record. Such a result would contribute nothing to conservation of judicial resources.

More important, as discussed above, neither the language nor the history of rule 31(d), second paragraph, suggests its purpose was to limit the cognizability of issues once an appeal becomes operative. Rule 31(d) was not intended to, and does not by its terms, create a new procedure in which trial counsel must attempt to anticipate and correctly characterize, before the record has been prepared, every claim that may be raised in the appeal. It was intended to, and does, solve the important, but relatively simple, problem of determining whether an appeal from a conviction obtained by plea should proceed without issuance of a certificate of probable cause.

■ The present case is not comparable to one in which a defendant states only noncertificate issues in the notice of appeal, does not obtain a certificate, then in his briefs seeks to raise issues going to the validity of the plea, which require a certificate under section 1237.5. In such a case, to entertain the plea validity issues on their merits risks countenancing "an apparently deliberate attempt to bypass statutory procedures and obtain appellate review of [the certificate-requiring issue] improperly." (*People* v. *Guzman* (1991) 226 Cal.App.3d 1060, 1065 [277 Cal.Rptr. 286]; see also *People* v. *Pinon* (1979) 96 Cal.App.3d 904, 907-910 [158 Cal.Rptr. 425] [where notice of appeal referred solely to postplea claims, reviewing court refused to consider claim of invalid plea on the merits, but did consider sentencing issues].)[5] No such danger of evading section 1237.5's screening procedure is present in this case, because the unnoticed issues—the probation condition claims—were not subject to screening for probable cause under section 1237.5.

■ In summary, we conclude rule 31(d), second paragraph, governs the circumstances under which an appeal from a conviction obtained by plea becomes and remains, in the language of the rule, "operative," despite the

---

[5]Although an appeal purporting to rest solely on noncertificate grounds may be operative under rule 31(d), and may therefore result in preparation of a record and briefing, section 1237.5 does not allow the reviewing court to hear the merits of issues going to the validity of the plea unless the defendant has obtained a certificate of probable cause, or has sought and obtained relief from default in the reviewing court. (*People* v. *Ribero, supra,* 4 Cal.3d at p. 64, fn. 5; see also *People* v. *Hall* (1994) 8 Cal.4th 950, 963 [35 Cal.Rptr.2d 432, 883 P.2d 974] [rule of court invalid insofar as it conflicts with governing statute].)

defendant's failure to obtain a certificate of probable cause. The rule does not govern the cognizability of noncertificate issues in an operative appeal. The present appeal was operative because defendant's notice of appeal stated grounds (erroneous denial of his motion to suppress) not requiring a certificate of probable cause. Consequently, rule 31(d) did not render defendant's probation condition claims noncognizable.

## Disposition

The judgment of the Court of Appeal is reversed insofar as it holds rule 31(d) renders defendant's claims regarding probation conditions noncognizable on appeal. The cause is transferred to the Court of Appeal for decision on the remaining issues. (Rule 29.4(b).)

Lucas, C. J., Mosk, J., Kennard, J., Arabian, J., Baxter, J., and George, J., concurred.