108 Cal.Rptr.2d 96 (2001)
89 Cal.App.4th 1183
In re Esteban Noe CHAVEZ, on Habeas Corpus.
No. G028140.
Court of Appeal, Fourth District, Division Three.
June 8, 2001.
Review Granted September 26, 2001.
*97 David K. Rankin, San Diego, under appointment by the Court of Appeal, for Petitioner.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Raquel M. Gonzalez and Kristine A. Gutierrez, Deputy Attorneys General, for Respondent.

OPINION
BEDSWORTH, J.
Esteban Noe Chavez seeks an order granting relief from his failure to timely request a certificate of probable cause and file a notice of appeal. (Cal. Rules of Court, rule 45(e); see In re Benoit (1973) 10 Cal.3d 72, 109 Cal.Rptr. 785, 514 P.2d 97.) For good cause shown, we grant the relief requested.

I
An information charged Chavez with possession and transportation of heroin (counts 1, 2), and alleged enhancements for possession of more than 14.5 grams for sale and a first "strike" prior felony conviction. On October 13, 1999, Chavez, at his attorney's direction, pleaded guilty to counts 1 and 2 and admitted the enhancements in exchange for an eight-year indicated term.
On January 28, 2000, Chavez, represented by new counsel, filed a motion to withdraw his guilty plea. In supporting papers, he argued his attorney "did not inform him of any trial strategies, offered [ ] no suggestions for a defense, and urged him to simply plead guilty to the Information as the jurors assembled moments before [ ] jury selection was to begin.... [Counsel] did not inform him of the elements of the offenses nor any possible defenses...." On February 25, 2000, the court denied the motion and sentenced Chavez to the negotiated term.
Two days later, Chavez's aunt, Gloria Gonzalez, contacted a new attorney regarding her nephew's appeal. On March 6, the attorney visited Chavez in jail and requested transcripts. According to Gonzalez, the press of business and an out-of-town matter kept the attorney from delving into the case too deeply. On April 24, the day before the time to file a statement of certificate grounds expired, the attorney announced he had read the transcripts but would not handle the appeal because he *98 didn't "`see anything coming out at me to make a case.'" By the time Chavez received a letter from his relatives notifying him of the attorney's decision, it was too late.
On May 26, 2000, Chavez prepared and sent a motion requesting permission to file a "belated Notice of Appeal" to the California Appellate Project (CAP). On June 5, CAP forwarded the paperwork to Appellate Defenders, Inc., explaining the case was an Orange County matter and the motion had not been filed. Chavez, now assisted by ADI, filed a petition for habeas corpus, arguing he is entitled to relief from his default under In re Benoit, supra, 10 Cal.3d 72, 109 Cal.Rptr. 785, 514 P.2d 97. We will take a different route but arrive at the same destination.[1] (Cal. Rules of Court, rule 45(e); see also Pen. Code, § 1237.5.)

II
A brief overview of the law governing appeals in criminal matters is in order. Penal Code section 1237, subdivision (a) allows an appeal from a judgment of conviction. To perfect an appeal, the defendant must file a notice of appeal in the superior court. (Cal. Rules of Court, rule 31; Pen.Code, § 1239.) Per rule 31(a), the notice of appeal must be filed within 60 days of the rendition of judgment. This time requirement furthers finality of judgments by forcing the defendant to pursue an appeal "expeditiously or not at all." (People v. Mendez (1999) 19 Cal.4th 1084, 1094, 81 Cal.Rptr.2d 301, 969 P.2d 146.)
Different rules come into play when the defendant enters a guilty plea. In this context, a defendant generally may not file an appeal from a judgment of conviction unless the grounds go to the legality of the proceedings, such as the validity of the plea. (People v. Laudermilk (1967) 67 Cal.2d 272, 281-282, 61 Cal.Rptr. 644, 431 P.2d 228.) Penal Code section 1237.5 creates an exception to the general rule, authorizing a defendant to take an appeal "from a judgment of conviction upon a plea of guilty or nolo contendere" where the "defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and the "trial court has executed and filed a certificate of probable cause for such appeal with the county clerk." Penal Code section 1237.5 works hand in glove with rule 31(d) of the California Rules of Court. The first paragraph of rule 31(d) controls the timing portion of the process. No later than 60 days after judgment is rendered, the defendant must file the statement of certificate issues, which operates as an "intended notice of appeal." To complete the process and perfect the appeal, the defendant must obtain a certificate of probable cause from the superior court within the next 20 days, i.e., a maximum of 80 days after judgment is rendered.
*99 Chavez concedes his failure to file a statement of certificate issues and obtain a certificate of probable cause as required by Penal Code section 1237.5 and California Rules of Court, rule 31(d). He requests leave to file a late statement of certificate grounds, under the "constructive filing doctrine" announced in In re Benoit, supra, 10 Cal.3d 72, 109 Cal.Rptr. 785, 514 P.2d 97.[2]
In practice, many appellate courts have ignored the certificate of probable cause requirement, a fact noted with clear disapproval by the California Supreme Court. (People v. Panizzon (1996) 13 Cal.4th 68, 89, fn. 15, 51 Cal.Rptr.2d 851, 913 P.2d 1061.) Three years later, in People v. Mendez, supra, 19 Cal.4th 1084, 81 Cal. Rptr.2d 301, 969 P.2d 146, the Supreme Court confirmed "section 1237.5 and rule 31(d) ... should be applied in a strict manner...." (Id. at p. 1098, 81 Cal. Rptr.2d 301, 969 P.2d 146.)
We therefore begin with Mendez, our Supreme Court's latest pronouncement on these issues. Mendez entered a guilty plea in exchange for a dismissal of certain charges and filed a timely notice of appeal. But he waited six months after rendition of judgment to file a statement of certificate issues in the superior court. The opinion is bereft of any explanation for the lengthy delay. The trial judge issued a certificate of probable cause but the Court of Appeal dismissed the appeal, noting defendant's failure to comply with Penal Code section 1237.5 and California Rules of Court, rule 31(d). Suffice it to say things went downhill from that point. The Supreme Court held a "defendant may not obtain review of certificate issues unless he has complied with section 1237.5 and rule 31(d) ... fully, and, specifically, in a timely fashionthat is to say, unless he has done what they require, how they require, and when they require. Plainly, he has not complied with them fully unless he has complied with them in a timely fashion. For, as indicated, their demands extend beyond what and how to when. If he has complied only `substantially,' he has not complied sufficiently; and if he has not complied sufficiently, he has not complied at all. [Citation.]" (People v. Mendez, supra, 19 Cal.4th at p. 1099, 81 Cal.Rptr.2d 301, 969 P.2d 146.)
On the timeliness issue, the court emphasized relaxation of the specified deadlines would "undermine the very purpose of section 1237.5, which is to promote judicial economy by screening out ... such appeals in, among other things, a timely fashion. The effectiveness of this screening depends, of course, on whether wholly frivolous appeals, and only wholly frivolous appeals, are in fact barred. That depends, in turn, on whether the screening is done in a timely fashion. Screening is entrusted, at least in the first instance, to the superior court [citations], which is more likely to make a proper determination if it acts near rendition of judgment, and is less likely to do so if it does not. For the passage of time increases the risk of error, with the result that, as recollection fades, *100 it might screen out an appeal that is not wholly frivolous, or fail to screen out one that is." (People v. Mendez, supra, 19 Cal.4th at p. 1103, 81 Cal.Rptr.2d 301, 969 P.2d 146.)
While the Supreme Court's dictates regarding section 1237.5 and rule 31 are clear in Mendez, the case is perhaps more important to this one for what it does not say. The discussion on "timeliness" notwithstanding, the Supreme Court never considered the issue of relief from default under rule 45(e). People v. Sturns (2000) 77 Cal.App.4th 1382, 92 Cal.Rptr.2d 547 acknowledges "leave to file a statement of certificate issues beyond the time limit established by rule 31(d) ... is available under rule 45(e), upon a showing of good cause." (Id. at pp. 1391, 1394, 92 Cal. Rptr.2d 547; see People v. Jones (1995) 10 Cal.4th 1102, 1112, fn. 5, 43 Cal.Rptr.2d 464, 898 P.2d 910.) Put another way, we need not reach the issue of extending Benoit's "constructive filing" doctrine to late requests for a statement of certificate issues.[3] (See People v. Sturns, supra, 77 Cal.App.4th at pp. 1396-1397, 92 Cal. Rptr.2d 547.) California Rules of Court, rule 45(e) already sets forth a mechanism to deal with such requests: "The reviewing court for good cause may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal." (Italics added.)
In Sturns, the Court of Appeal considered the issue of "what constitutes good cause for relief from default." (People v. Sturns, supra, 77 Cal.App.4th at p. 1391, 92 Cal.Rptr.2d 547.) Sturns filed a notice of appeal but his attorney felt a certificate of probable cause was not required. The appellate panel concluded "good cause" does not exist "simply because defendant's trial attorney knew that defendant was relying on him to perfect an appeal on a particular issue. If counsel's knowledge of such reliance was alone adequate, there would exist little incentive to follow the time limits that the Mendez decision so emphatically enforced. Counsel could delay seeking a certificate of probable cause with impunity if counsel could safely predict that a later request for relief from default must be granted." (Id. at p. 1394, 92 Cal.Rptr.2d 547.)
We think Sturns is distinguishable on its facts.[4] As a practical matter, a defendant convicted on his guilty plea may be unsure of his right to appeal, much less the various technical requirements involved in that process. The current statutory scheme does condition the right to appeal on the *101 timely filing of a statement of certificate grounds. (Cal. Rules of Court, rule 31(d).) But California Rules of Court, rule 45(e) permits the appellate courts to grant relief from defaults in proper cases, i.e., on a showing of "good cause." Sturns concedes its conclusion is "limited to the facts of this case" and explains "we do not hold that good cause can never exist when the defendant relies on counsel to perfect the appeal." (People v. Sturns, supra, 77 Cal. App.4th at p. 1398, 92 Cal.Rptr.2d 547.) That is precisely our case.
We note that "[c]ourts generally consider the length of and reason for delay when considering whether good cause for relief exists ...." (People v. Sturns, supra, 77 Cal.App.4th at p. 1398, 92 Cal. Rptr.2d 547.) Chavez's aunt sought out the assistance of counsel a mere two days after sentencing, evidence of a diligent effort to preserve her nephew's right to appeal. The attorney's inattention to a ticking clock put Chavez in a real bind. We realize the attorney never formally agreed to represent Chavez, but he had to have known certain deadlines were fast approaching. When the dust settled, Chavez found himself between Scylla and Charybdis, through no fault of his own. True, this particular factual scenario is unlikely to repeat itself in the future. In this instance, however, the criminal justice systemto maintain its own integrity, if nothing elseshould allow the late filing of the required statement of certificate issues. We are aware the attorney was of the opinion there were no viable appellate issues, and he was under no legal obligation to assist in the filing of an appeal. But if there was ever a case where good cause for relief has been shown, this is it. Chavez should have the opportunity to set forth the relevant facts necessary for the trial court to rule on the issue of probable cause.
As explained above, the underlying purpose of Penal Code section 1237.5 is to conserve scarce judicial resources by screening out frivolous appeals challenging the validity of guilty pleas. But that goal is not served where an attorney, for whatever reason, puts an incarcerated defendant in a situation where the appeal he thinks is being handled becomes "unhandled" at the last minute, requiring our later attention to a petition for habeas relief raising an ineffective assistance of counsel claim. (See People v. Sturns, supra, 77 Cal.App.4th at pp. 1395-1396, 1397, 92 Cal.Rptr.2d 547.) In any event, experience has taught us blind adherence to statutory deadlines sometimes fails to advance the interests of justice. (Cf.Code Civ. Proc., § 473, subd. (b).) After all, "[w]e are not being asked to reverse [the] sentence, but merely to give [defendant] the opportunity to ask the trial court to issue a certificate...." (People v. Sturns, supra, 77 Cal.App.4th at p. 1401, 92 Cal. Rptr.2d 547 (dis. opn. of Haning, J.).)
The petition for a writ of habeas corpus is granted. Counsel appointed by this court to represent petitioner in this matter is directed to assist petitioner in the preparation of a statement of certificate grounds and the clerk of the Orange County Superior Court is directed to file such statement and to treat it as an intended notice of appeal if proffered within 60 days of the time our judgment becomes final. If such statement if timely filed and the trial court, within the time specified in California Rules of Court, rule 31(d), executes and files a certificate of probable cause, the clerk is directed to commence preparation of the record on appeal.
RYLAARSDAM, Acting P.J., and CROSBY, J.,[*] concur.
NOTES
[1] At oral argument appellate counsel argued this case is nothing more than a routine request for Benoit relief under the "constructive filing" doctrine. Chavez, we are told, is simply requesting relief to file a late "intended" notice of appeal under rule 31(d). The argument is creative but not very persuasive. We agree Benoit allows relief from the late filing of a notice of appeal under rule 31(a). But this is not the typical garden variety Benoit situation. Different procedures apply when a defendant attempts to file an appeal from a guilty plea. True, rule 31(d) does state the filing of the statement of certificate grounds operates as an "intended notice of appeal." But in this context the process is not completeand the appeal is not perfecteduntil the trial court actually issues a certificate of probable cause.
[2] The "constructive filing" doctrine allows incarcerated individuals relief from the time limit for filing a notice of appeal. It applies when "the defendant is incarcerated or otherwise in custody after having been properly notified of his appeal rights by the sentencing judge and has made arrangements with his trial attorney to file a notice of appeal for him." (In re Benoit, supra, 10 Cal.3d at p. 86, 109 Cal.Rptr. 785, 514 P.2d 97.) The attorney must have accepted the responsibility of filing a notice of appeal, and then failed to do so, lulling his client into "a false sense of security." (Id. at p. 87, 109 Cal.Rptr. 785, 514 P.2d 97.) Put another way, no relief will be granted "when the defendant has displayed no diligence in seeing that his attorney has discharged this responsibility." (Id. at p. 89, 109 Cal.Rptr. 785, 514 P.2d 97.)
[3] We are of the opinion that due process requires a similar standard in each context, i.e., attorney inaction "lulling" a defendant into a "false sense of security," and "diligence" on the defendant's part in correcting any error.
[4] Sturns filed a notice of appeal but did not obtain a certificate of probable cause. Seven months after the notice of appeal was filed, appellate counsel filed an application for relief from the default under rule 31(d) of the California Rules of Court. In a supporting declaration, trial counsel explained he "`did not seek a certificate of probable cause in connection with Mr. Sturns' appeal under Penal Code section 1237.5 .... because I believed, and continue to believe, that since the intended claims were matters pertaining to his sentence, the requirement set forth in that section did not apply.'" (People v. Stums, supra, 77 Cal.App.4th at p. 1388, 92 Cal. Rptr.2d 547.) We also note appellate counsel "admitted that `the lack of any certificate of probable cause was apparent to [him] upon [his] review of the record' in June" some four months before he moved for relief from the default. (Ibid.) Weighing the applicable factors, the Court of Appeal concluded "the delay was significant and the reasons for delay not compelling." (Id. at p. 1398, 92 Cal. Rptr.2d 547.) The same cannot be said of Chavez. The facts show he was the victim of some reasonable assumptions on his part and moved quickly to remedy his default.
[*] Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chief Justice pursuant to article VI, section 6 of the California Constitution.