Filed 9/18/20  P. v. Johnson CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PAUL SAMUEL JOHNSON,<br><br>    Defendant and Appellant. | A157468<br><br>(Sonoma County<br>Super. Ct. No. SCR722383) |

**MEMORANDUM OPINION**[1]

On a plea of no contest, Paul Samuel Johnson was convicted on two felony counts:  first, assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)), and second, criminal threats (Pen. Code, § 422, subd. (a)).  He was sentenced to a prison term of five years four months, subject to earned presentence and conduct credits.

Following his sentencing, Johnson submitted to the court a proposed notice of appeal along with a request for a certificate of probable cause.  In his proposed notice of appeal, he indicated he wished to appeal based on postplea matters, i.e., sentencing.  At the same time, he stated that he was challenging his plea because the jail records indicated he pled to Penal Code

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law. (California Standards of Judicial Administration, § 8.1.)

1

section 245(a)(4), and he did not plead to that, but rather: "I took a plea deal for 1 non-violent strike for a 'PC 422' and a 2nd 'Felony PC 242' also non-violent and not a strike . . . ."

Johnson also filed a motion to correct "sentencing errors" and a petition for writ of habeas corpus in the case in which he was sentenced (No. SCR722383) and two others (Nos. SCR714403 and SCR726327). Consistent with the issue raised in his proposed notice of appeal, Johnson's habeas petition alleged that his sentence in this action (No. SCR722383) was illegal because it was based on charges to which he had not pled. More specifically, he stated that he entered pleas to violations of Penal Code sections 422 and 242: "I plead to a PC 242 felony non-violent but probation & the jail have it as a PC 245(a)(4) violent strike, this is an illegal sentence and error!"

In court proceedings shortly after seeking a certificate of probable cause to appeal, moving for correction of sentencing errors, and filing his petition for habeas corpus, Johnson and his counsel made the following statements on the record in postsentencing proceedings concerning the calculation of his sentencing credits: "DEFENSE COUNSEL: Mr. Johnson is requesting to apologize to the court. He did file some motions with the court as far as whether or not he understood what he pled to. I've discussed that with him and he would like to withdraw—I don't know if the court has received those. [¶] THE DEFENDANT: I filed a motion to correct sentencing error because I thought it was a 242 that I pled to, but it was a 245. I didn't understand that, I thought it was a third strike. I freaked out and filed some motions. I understand now. The jail told me it is a third strike. I got some bad information. Now I understand that it is not, I don't want to proceed with the sentencing error and the habeas corpus that I filed."

2

Later that day, the court noted in a minute order that Johnson had submitted a request for certificate of probable cause, but withdrew that request during court proceedings that day; thus, the court noted, the request for certificate of probable cause was denied as moot. A few days later, the court filed an order denying the petition for writ of habeas corpus. Johnson then formally filed his notice of appeal, with the court's denial of a certificate of probable cause.

After the judgment of conviction was filed, the California Department of Corrections and Rehabilitation (CDCR) wrote a letter to the court raising a possible error in the judgment. Specifically, CDCR wrote: "The Abstract of Judgment and the Minute Order reflect Count 3, PC 422(a), Unlawful Threatening, with one-third the middle term of 16 months imposed. The middle term for this offense is 2 years; therefore, one-third the middle term is 8 months." (Italics and underline omitted.)

Stating concerns about an illegal sentence, the CDCR requested the court to consider whether a correction may be required. Thereafter, the court entered a minute order noting the CDCR letter was filed, and in response, an amended abstract would be prepared to reflect a strike prior. That same date, the court filed an amended abstract of judgment restating the base term on the Penal Code section 245, subdivision (a)(4) count as being the low term doubled (four years), and the subordinate term on the Penal Code section 422, subdivision (a) count being the middle term doubled, consecutive (one year four months). In the amended abstract, the court noted that the sentence was imposed "per PC 667(b)–(i) or PC 1170.12 (strike prior)."

Johnson's appointed appellate counsel has filed a brief asking this court to conduct an independent review of the record to determine if there are arguable appellate issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436

(*Wende*).  The *Wende* brief filed by Johnson's counsel does not draw our attention to any issues under *Anders v. California* (1967) 386 U.S. 738, 744, but asks under *People v. Kelly* (2006) 40 Cal.4th 106, 109–110, 113, that we address claims raised in any supplemental brief.  Johnson filed a supplemental brief, together with exhibits.  The supplemental brief attempts to raises a variety of issues concerning the conditions of Johnson's confinement.

Based on our review of the entire record as well as Johnson's supplemental brief, we conclude there are no meritorious issues to be argued on appeal.

## DISPOSITION

In the absence of a certificate of probable cause to appeal, we are without jurisdiction to entertain an appeal of Johnson's judgment of conviction or the plea on which his conviction is based.  (Pen. Code, § 1237.5.) To the extent Johnson perceives he may have cause to pursue issues concerning the conditions of his confinement, such issues are not properly cognizable in this appeal.  Having found no arguable basis to appeal in connection with "issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed" (*People v. Jones* (1995) 10 Cal.4th 1102, 1106), Johnson's sentence is affirmed.  The sentence conforms with the law and with Johnson's plea.

STREETER, J.

WE CONCUR:

POLLAK, P. J.
BROWN, J.

4