Filed 10/30/14  P. v. Dominguez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RUBEN AYALA DOMINGUEZ,<br><br>    Defendant and Appellant. | H040302<br>(Monterey County<br>Super. Ct. No. SS121738A) |

After a vehicle stop for speeding, defendant Ruben Ayala Dominguez was found in possession of marijuana and a loaded nine-millimeter handgun.  The drugs and firearm were found during a search of the vehicle, which was prompted by the odor of marijuana. Following an unsuccessful motion to suppress the evidence seized during the warrantless search, Dominguez pleaded no contest to carrying a concealed firearm in a vehicle.  (Pen. Code, § 25400, subd. (a)(3).)[1]  As part of the negotiated plea agreement, Dominguez admitted the special allegation that he was not the registered owner of the firearm (*id*., subd. (c)(6)) and that the firearm was loaded.  The court sentenced Dominguez to felony probation, as called for by the plea agreement.

Dominguez's counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  We notified Dominguez of his right to submit a written argument on his own behalf, but he has not done so.

---

[1] Further unspecified statutory references are to the Penal Code.

Pursuant to *Wende*, we reviewed the entire record and have concluded that, with the exception of one error that we will address below, there are no arguable issues on appeal. As required by *People v. Kelly* (2006) 40 Cal.4th 106, 110, we will provide "a brief description of the facts and procedural history of the case, the crimes of which defendant was convicted, and the punishment imposed." We will further include information about aspects of the trial court proceedings that might become relevant in future proceedings. (*Id.* at p. 112.)

## I.   FACTUAL BACKGROUND

Our summary of the facts is taken from the testimony at the March 15, 2013 suppression hearing.

On August 17, 2012, California Highway Patrol Officers Michael Palma and Charles Rodriguez pulled Dominguez's vehicle over for speeding. Officer Palma testified that Officer Rodriguez, who was driving their marked patrol unit, determined that Dominguez's vehicle was travelling at 78 miles per hour in a 65 mile-per-hour zone by maintaining the same speed as the vehicle for five to eight miles.

When Officer Palma approached the passenger side of the vehicle he smelled the odor of marijuana. The driver, who Officer Palma identified as Dominguez, admitted to having a small amount of marijuana in the vehicle. Officer Palma asked Dominguez to exit the vehicle, which he did. At Officer Palma's request, Rafael Garcia, a deputy sheriff with the Monterey County Sheriff's Department who had arrived on the scene shortly after the traffic stop, searched the vehicle. Deputy Garcia testified that he smelled marijuana upon approaching the vehicle and saw a marijuana pipe containing marijuana residue in the ashtray. Deputy Garcia opened a closed backpack sitting on the front passenger seat and found a prescription bottle containing marijuana and a second marijuana pipe. Under the driver's seat Deputy Garcia found a box of ammunition. Deputy Garcia lifted up the floorboard on the passenger's side because it appeared to have been tampered with and found a loaded nine-millimeter handgun under the

2

floorboard. Deputy Garcia arrested Dominguez.

## II.  PROCEDURAL BACKGROUND

The Monterey County District Attorney filed an information on October 22, 2012, charging Dominguez with one count of carrying a concealed firearm in a vehicle (§ 25400, subd. (a)(3), count 1) and one count of misdemeanor possession of over 28.5 grams of marijuana (Health & Saf. Code, § 11357, subd. (c), count 2). The first count included a special allegation that Dominguez was not the registered owner of the firearm (§ 25400, subd. (a)(6)).

On November 1, 2012, Dominguez moved for substitution of his appointed counsel under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). During a hearing in closed court, Dominguez complained about what he perceived to be appointed counsel's unavailability and lack of interest in his case. Counsel explained that she had been on vacation and had completed three jury trials in the span of approximately five weeks. Concluding that counsel's schedule had caused the communication issues and that there had not been a breakdown in the attorney-client relationship, the court denied the *Marsden* motion.

Dominguez filed a motion to suppress on February 11, 2013, in which he argued that the search of his vehicle violated his Fourth Amendment rights. The People opposed Dominguez's motion, urging that the odor of marijuana emanating from Dominguez's vehicle furnished probable cause to search the vehicle for contraband under the automobile exception to the warrant requirement. Following a hearing at which Officer Palma and Deputy Garcia testified, the court denied the suppression motion on March 15, 2013.

The case was set for a jury trial. Four days before the trial was set to begin, the district attorney filed an amended information. Count 1, carrying a concealed firearm in a vehicle (§ 25400, subd. (a)(3)), and count 2, misdemeanor possession of over 28.5 grams of marijuana (Health & Saf. Code, § 11357, subd. (c)), remained unchanged. The

3

amended information added a third count, misdemeanor transportation of not more than 28.5 grams of marijuana (*id.*, § 11360, subd. (b)).

On August 26, 2013, before trial began, the deputy district attorney told the court that the information was amended because "[i]t was pled as a [Health and Safety Code section] 11357[, subdivision] (c), which is more than 28.5 grams. This was less than that. We've amended to add [Health and Safety Code section] 11360, which is possession of less than an ounce [of marijuana] while being transported in a vehicle."

Before addressing the amended information, the court considered Dominguez's request for a two-week continuance to hire private counsel or, in the alternative, for substitution of his appointed counsel under *Marsden*. The court denied the motion for a continuance, noting that it had previously granted a defense motion to continue and reasoning that the motion was a delay tactic. Following a second *Marsden* hearing, the court denied Dominguez's motion for new appointed counsel. During the *Marsden* hearing, Dominguez stated that appointed counsel was negative towards him and failed to explain things to him, including the People's offer for a plea bargain. The court engaged in a dialogue with Dominguez about his reluctance to go to trial or to plead because of the consequences of a conviction. The court denied the *Marsden* motion, reasoning that Dominguez's goal was delay and that, despite communication problems, there had been no mutual breakdown in the relationship between attorney and client.

The court then ordered a recess to allow Dominguez and his appointed counsel to discuss the plea offer. When the court reconvened, Dominguez waived formal arraignment on the amended information and entered into a plea agreement. Pursuant to the plea agreement, Dominguez pleaded no contest to carrying a concealed firearm in a vehicle in violation of section 25400, subdivision (a)(3), a felony, as charged in count 1. Dominguez also admitted that the firearm was loaded and the special allegation that he was not the registered owner of the firearm, in violation of section 25400, subdivision (a)(6).

4

Dominguez asked the court whether his violation of section 25400, subdivision (a)(3) "could be dropped down, if I'm doing good, to a misdemeanor."  The court responded, "[w]e're not going to have a motion to reduce something to a misdemeanor right now," but explained that Dominguez could apply to have the offense reduced to a misdemeanor in the future.

After accepting Dominguez's plea, the court suspended imposition of sentence, placed Dominguez on formal probation, and imposed various fines, fees, and probation conditions.  Among the probation conditions imposed by the court was a prohibition against "remain[ing] in any vehicle either as a passenger or driver which is known or suspected to be stolen or contains any firearm or illegal weapon."

Dominguez filed a timely notice of appeal, which indicated that his appeal was based on the denial of a motion to suppress and challenged the validity of the plea or admission.  The trial court granted Dominguez's request for a certificate of probable cause on November 5, 2013.  In his request for a certificate of probable cause, Dominguez recounted the traffic stop that led to his arrest and stated that he had not been speeding, the vehicle did not smell of marijuana, and the gun and marijuana belonged to his family members.

## III.   DISCUSSION

In examining the entire record, we identified an arguable issue related to the probation condition barring Dominguez from "remain[ing] in any vehicle either as a passenger or driver which is known or suspected to be stolen or contains any firearm or illegal weapon."  Accordingly, we asked for and received additional briefing from the parties as to whether that probation condition is unconstitutionally vague.

As a threshold matter, we note that while Dominguez did not challenge the condition in the trial court, we nevertheless may review its constitutionality as a matter of law without reference to the sentencing record.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 888-889.)  Nor does the fact that Dominguez's notice of appeal did not state the appeal

5

was based on his sentence preclude us from considering the constitutionality of the probation condition.  (6 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Criminal Appeal, § 163, p. 444 ["[a]n appeal is not limited to issues stated in the notice of appeal"]; *People v. Jones* (1995) 10 Cal.4th 1102, 1109 disapproved of on other grounds by *In re Chavez* (2003) 30 Cal.4th 643 [defendant's failure to include claim regarding erroneous imposition of probation conditions in notice of appeal did not render that claim noncognizable on appeal].)

To the extent the condition at issue requires Dominguez to speculate as to whether a vehicle is stolen, it "fails to provide [him] with adequate notice of what is expected of him when he lacks actual knowledge that a" vehicle is stolen.  (*People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073.)  As such, the condition is unconstitutionally vague on its face.  The condition also is subject to a facial challenge on vagueness grounds because it requires Dominguez to vacate any vehicle that "contains any firearm or illegal weapon" regardless of whether he is aware of the weapon's presence.  For the condition to pass constitutional muster, an express knowledge requirement must be added.  (*In re Victor L.* (2010) 182 Cal.App.4th 902, 912-913 [modifying probation condition to prohibit knowing presence of weapons or ammunition].)

## IV.  DISPOSITION

The probation condition stating "Not remain in any vehicle either as a passenger or driver which is known or suspected to be stolen or contains any firearm or illegal weapon" is modified to read "Not remain in any vehicle either as a passenger or driver which he knows to be stolen or to contain any firearm or illegal weapon."[2]  As modified, the judgment is affirmed.

---

[2] Following oral argument, the parties stipulated to this revised condition.

_____

Premo, Acting P.J.

WE CONCUR:


_____

Elia, J.


_____

Mihara, J.