Filed 7/11/23 P. v. Williams CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ZACHARY LEE WILLIAMS,<br><br>　　　Defendant and Appellant. | A166550<br><br>(Humboldt County Super.<br>Ct. No. CR2100730) |

Pursuant to a negotiated plea agreement, appellant Zachary Lee Williams (Williams) pleaded guilty to felony infliction of a corporal injury on a person with whom he had a dating relationship (Pen. Code,[1] § 273.5, subd. (a)) and misdemeanor battery of the same person (§ 243, subd. (e)(1)). In this appeal, he argues that the trial court erred in sentencing him to four years' probation instead of the three years' probation contemplated by the written plea agreement that the prosecution and the trial court had accepted. We agree and therefore remand the matter for the trial court to correct the error.

The parties are familiar with the facts and our opinion does not meet the criteria for publication. (Cal. Rules of Court, rule 8.1105(c).) Consequently, we resolve the cause before us, consistent with constitutional

[1]All subsequent statutory references are to the Penal Code unless otherwise noted.

1

requirements, in an abbreviated opinion with reasons stated. (Cal. Const., art. VI, § 14; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1262 [" 'An opinion is not a controversial tract, much less a brief in reply to the counsel against whose views we decide. It is merely a statement of conclusions, and of the principal reasons which have led us to them.' [Citation.]"].)

## I. DISCUSSION

Williams argues that the trial court erred by imposing a sentence contrary to the terms of the written plea agreement the court had already accepted. "Acceptance of [a plea] agreement binds *the court* and the parties to the agreement." (*People v. Segura* (2008) 44 Cal.4th 921, 930, italics added.) Here, the trial court accepted a plea agreement that specified a three-year term of probation. Four weeks later, the trial court sentenced Williams to four years' probation. However, because the trial court had accepted the terms of the negotiated plea, it lacked jurisdiction to alter them. (*Id.* at p. 931.) For that reason, the trial court "erred by imposing a sentence exceeding that to which defendant had agreed." (*People v. Kim* (2011) 193 Cal.App.4th 1355, 1362.)

The People do not so much resist this straightforward analysis as attempt to side-step it. First, they contend that our court lacks jurisdiction to decide the question. Second, they argue that appellant forfeited any appellate challenge to the four-year sentence by failing to object at the sentencing hearing. And third, they claim that "the record does not unambiguously support" the notion that the plea agreement was violated. We find none of these arguments persuasive.

### A. **Jurisdiction**

The People's challenge to our jurisdiction concerns Williams's notice of appeal filed on Optional Judicial Council form CR-120. In that filing,

2

Williams's trial counsel indicated that the appeal attacked "the validity of the plea," and neglected to indicate that the appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea," even though the notice form advised him to "check all [grounds] that appl[ied]." With respect to his challenge to the validity of the plea, Williams applied to the trial court pursuant to section 1237.5 for a certificate of probable cause, which the trial court denied in turn. Williams's appellate counsel then filed his opening brief, raising for the first time the sentencing issue we address here.

The People argue that the "notice of appeal's omission of any reference to the sentencing proceeding which appellant now challenges deprives this court of jurisdiction." To this end, they rely on *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170, for the proposition that appellate courts "have no jurisdiction over an order not mentioned in the notice of appeal." We reject this argument because, in fact, the notice of appeal sufficiently identified the sentencing proceeding.

Rules of Court rule 8.304, subdivision (a)(4), provides that the "notice of appeal must be liberally construed. Except as provided in (b), the notice is sufficient if it identifies the particular judgment or order being appealed." Here, the notice stated that appellant sought review of the "order or judgment" issued by the trial court on September 29, 2022—when appellant was sentenced.[2] The notice thus identified "the particular judgment or order being appealed" and was therefore sufficient under subdivision (a)(4) and its requirement of liberal construction.

---

[2] "In a criminal case the sentence is the judgment." (*In re Phillips* (1941) 17 Cal.2d 55, 68; accord, *People v. Rojas* (1975) 15 Cal.3d 540, 543, fn. 1.)

3

Neither do the exceptions set forth in subdivision (b) place this appeal beyond our reach.  In relevant part, subdivision (b) provides that if "the superior court denies a certificate of probable cause, the appeal will be limited to issues that do not require a certificate of probable cause."  (Rules of Court, rule 8.304, subd. (b)(3).)  But "[n]o certificate of probable cause is required for an appeal" from the sentence, so our inquiry here has not exceeded the limits established by any prevailing appellate rule.  (Rules of Court, rule 8.304, subd. (b)(2).)

Finally, the People are mistaken to suggest that this appeal "not 'operative.' "  For this contention, they rely on *People v. Jones* (1995) 10 Cal.4th 1102, which applied a court rule no longer in effect.  Under former rule 31(d), an appeal on grounds "occurring after the entry of [a guilty] plea which do not challenge [the plea's] validity" "shall not be operative unless the notice of appeal states that it is based upon such grounds."  (*Jones*, *supra*, 10 Cal.4th at p. 1106.)  Because Williams's notice of appeal failed to make such a statement, the People argue that it became "not . . . operative" when the trial court denied his request for a certificate of probable cause.  As we have already observed, however, rule 31(d) has been abrogated and the applicable Rules of Court no longer impose any penalty for such a deficiency in the notice of appeal.

For those reasons, we reject the People's arguments challenging our jurisdiction.

### B.  <u>Forfeiture</u>

The People next contend that Williams "forfeited the claim" underlying this appeal because neither he "nor his counsel raised an objection to the four-year term of probation . . . ."  However, "under the unauthorized sentence rule, a party does not forfeit the right to argue that a sentence is

4

unlawful by failing to object in the trial court." (*People v. King* (2022) 77 Cal.App.5th 629, 635.)[3]  Here, as we have already shown, the sentence is unlawful because the trial court exceeded its jurisdiction in sentencing appellant to a four-year term of probation.  Consequently, no forfeiture resulted from Williams's failure to object.

### C.  Ambiguities in the Record

 According to the People, "ambiguities in the record" undercut Williams's attempt "to prove the negotiated plea agreement was violated." We disagree.

"A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles." (*People v. Shelton* (2006) 37 Cal.4th 759, 767.)  "If contractual language is clear and explicit, it governs.  (Civ. Code, § 1638.)" (*Ibid.*)  Here, the written plea agreement was filed on September 1, 2022.  Williams, his trial counsel, the prosecutor, and the trial court all signed the plea form that same day.  The first page of the plea form contains the "plea agreement" in paragraph two, which specifies that in exchange for William's plea, "the court will sentence me as follows: … "[p]robation for 3 years under conditions to be set by the court . . ." Regarding the term of probation, the language in the written "plea agreement" is clear.

---

[3] There are exceptions to the unauthorized sentence rule, but none is relevant here.  According to the written plea form, the four-year probation term the court imposed was not the specified sentence in return for which Williams pleaded guilty.  (*People v. Hester* (2000) 22 Cal.4th 290, 295.) The trial court did not expressly "withdraw[] its approval" of the plea agreement at the sentencing hearing, which might have prompted Williams to "withdraw [his] plea" under section 1192.5.  (See *People v. Villalobos* (2012) 54 Cal.4th 177, 182.)  And as we have already observed, we do not lack jurisdiction.  (*In re G.C.* (2020) 8 Cal.5th 1119, 1130.)

Contrary to the People's suggestion, the meaning of the words "3 years" in the plea agreement is not somehow occluded by the probation officer's subsequent recommendation of four years' probation, or by Williams's failure to object to that longer term at sentencing. While it is true that during the on-the-record proceedings no precise length of probation was mentioned, both the prosecutor and the court signed the plea form and acknowledged that they had reviewed it.[4] Moreover, this was a negotiated disposition the parties reached under section 1192.5 which included "an agreement as to probation" and dismissal of two other pending cases in exchange for Williams pleading to the two charges in this case. Whatever ambiguities may arguably exist in the *record* from the People's perspective cannot be transmuted into ambiguities in the *contractual language* contained in the written plea form.

In sum, Williams has shown that the negotiated plea agreement as encompassed in the plea form was violated when the court selected a probationary period greater than that to which he had expressly agreed.

### D. The Appropriate Remedy

"When an error of this type is established on appeal, relief may take any of three forms: a remand to provide the defendant the neglected opportunity to withdraw the plea; 'specific performance' of the agreement as made (e.g., *People v. Mancheno*[(1982)] 32 Cal.3d 855, 859, fn. 1); or 'substantial specific performance,' meaning entry of a judgment that, while deviating somewhat from the parties' agreement, does not impose a

---

[4] In the "District Attorney's Statement" portion of the plea form, above the prosecutor's signature, is her averment that she had "read this form", "[understood] the terms of the plea agreement" and agreed to it. Likewise, the "Court's Findings and Order" portion contains a recitation that the trial judge had also "reviewed this form . . . ."

6

'punishment significantly greater than that bargained for' . . . ." (*People v. Kim*, *supra*, 193 Cal.App.4th at p. 1362.)

Williams urges us to order specific performance of the agreement, but that remedy "is only appropriate 'when it will implement the reasonable expectations of the parties *without binding the trial judge to a disposition that he or she considers unsuitable* under all the circumstances.' " (*Ibid*.) Here, what is unclear from the record is whether the change from three to four years' probation was a mere oversight on the part of the trial court and both counsel, or an indication that the contents of the probation officer's report had occasioned an unspoken withdrawal of the trial court's approval of the negotiated plea agreement. Accordingly, we do not order specific enforcement of the agreement as to the length of probation, but neither do we foreclose the possibility that on remand the trial court will impose the three-year period of probation that is contained in the written plea form.

## DISPOSITION

The judgment is reversed as to the length of the probationary period. On remand, the trial court is directed either to sentence appellant in accordance with the written plea agreement, or to withdraw its approval of the negotiated disposition, thereby permitting Williams to withdraw his "plea if he desires to do so." (§ 1192.5, subd. (c).)

BOWEN, J.*

WE CONCUR:

HUMES, P. J.

BANKE, J.

A166550N

---

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.