[No. B097467. Second Dist., Div. Six. Oct. 21, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT GLENN BORLAND, Defendant and Appellant.

## COUNSEL

Douglas C. Littlejohn, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka, Scott A. Taryle, Sanjay T. Kumar and Janet E. Burns, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

YEGAN, J.—Robert Glenn Borland was sentenced to state prison for four years following a no contest plea to failing to register as a sex offender. (Pen. Code, § 290, subd. (g)(2).) He also admitted having suffered a prior conviction for forcible rape within the meaning of Penal Code sections 667, subdivisions (d) and (e).[1] Appellant contends that the 1994 amendment to section 290, subdivision (g)(2), providing for a state prison sentence, violates the ex post facto prohibition of the federal and state Constitutions, as well as his due process and equal protection rights. We do not reach the merits of the appeal. In the words of Justice Kaus: "Defendant's problem is that he pleaded guilty." (*People* v. *Barton* (1971) 19 Cal.App.3d 990, 994 [97 Cal.Rptr. 329].) We dismiss the appeal on several procedural grounds.[2]

### FACTS AND PROCEEDINGS

On April 21, 1995, the Department of Justice advised the San Luis Obispo County Sheriff that appellant might be in violation of the sex offender registration law. (§ 290.) On July 14, 1995, a deputy sheriff interviewed appellant at his Oceano residence. Appellant said that he last registered in 1986 in Mission Hills and moved to Oceano in 1994.

Appellant was charged with failing to register as a sex offender *from April 21, 1995, through July 14, 1995*, a felony. (§ 290, subds. (a)(1) & (g)(2).) The information alleged that he had suffered a 1983 conviction for failing to register and alleged the following enhancements: a 1967 conviction for rape by force (§§ 261, 667, subd. (a)), a 1977 conviction for rape by force (§§ 261, 667, subd. (a)), and that both convictions were serious felony convictions. (§§ 667, subds. (d) & (e), 1170.12, subds. (b) & (c).)

---

[1]All statutory references are to the Penal Code unless otherwise specified.

[2]At oral argument, we asked the parties to brief the issue of whether appellant's no contest plea estops him from raising substantive contentions on appeal. The parties have done so. (Gov. Code, § 68081.)

At no time below did appellant, represented by counsel, contest the date or dates on which he allegedly failed to register as a sex offender. Nor did he seek or obtain a trial court ruling concerning an alleged ex post facto, due process, or equal protection violation. He attempts to do so for the first time on appeal.

Pursuant to a negotiated disposition, appellant pled no contest and admitted the 1977 serious felony prior. (§§ 667, subds. (d) & (e), 1170.12, subds. (b) & (c).) The negotiated disposition provided that the remaining enhancements would be dismissed and specified that the sentence would not exceed six years.

The trial court imposed the midterm of two years (§ 290, subd. (g)) and doubled the term pursuant to section 667, subdivision (e)(1). Appellant did not obtain a certificate of probable cause. (§ 1237.5.)[3]

### Estoppel by Plea

■ At the outset, we comment upon what appellant is trying to do, i.e., have his cake and eat it too. Appellant entered into a negotiated disposition and admitted to having violated the subject registration statute between April 21, 1995, and July 14, 1995. He stipulated that there was a factual basis for the plea. The premise to his appeal is that he violated the statute prior to January 1, 1995, when the punishment for failing to register was a misdemeanor.

Appellant may not enter into a negotiated disposition for an offense with a specified charging date, enjoy the fruits thereof, and then challenge the factual basis for the plea on appeal. (*People* v. *Collins* (1978) 21 Cal.3d 208, 215 [145 Cal.Rptr. 686, 577 P.2d 1026]; *In re Blessing* (1982) 129 Cal.App.3d 1026, 1030-1031 [181 Cal.Rptr. 590]; *People* v. *Panizzon* (1996) 13 Cal.4th 68, 77 [51 Cal.Rptr.2d 851, 913 P.2d 1061].)

Appellant received substantial concessions in the negotiated disposition. He could have been sentenced as a "three strikes" defendant and received a

---

[3]Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

California Rules of Court, rule 31(d) provides that an ". . . appeal shall not be operative unless the trial court executes and files the cetificate of probable cause . . . ." Noncompliance with the California Rules of Court subjects the appeal to dismissal. (*People* v. *Castelan* (1995) 32 Cal.App.4th 1185, 1188 [38 Cal.Rptr.2d 574]; see also Cal. Rules of Court, rule 77(b)(2).)

sentence of 25 years to life. Instead, he bargained for sentence vulnerability of six years and was sentenced to four years. To now allow further reduction would be a ". . . bounty in excess of that to which he is entitled." (*People* v. *Collins*, *supra*, 21 Cal.3d at p. 215.)

"A plea of guilty, [or no contest], . . . admits each element of the offense. . . . [and] ' "it is itself a conviction; nothing more remains but to give judgment and determine punishment." ' " (*People* v. *Stanworth* (1974) 11 Cal.3d 588, 606 [114 Cal.Rptr. 250, 522 P.2d 1058]; see also *People* v. *Jones* (1995) 10 Cal.4th 1102, 1109 [43 Cal.Rptr.2d 464, 898 P.2d 910].) Such a plea amounts to a waiver of any defects in the accusatory pleading. (*People* v. *Herrera* (1967) 255 Cal.App.2d 469, 471 [63 Cal.Rptr. 96].) These rules reasonably lead to our holding that a plea of guilty or no contest to a felony offense which alleges a specific charging date is a judicial admission that the defendant committed the offense on the date alleged. Thus, appellant is estopped to contest the charging date of the accusatory pleading.

*Failure to Object*

Here there is no defect on the face of the information. Appellant, however, contends that there has been "a gross mistake of law in charging." What is really being asserted is that the People made a gross mistake of *fact* in charging the 1995 dates as opposed to a 1994 date.

At no time below did appellant object to any defect in the charging date or dates of the accusatory pleading. Where, as here, a defendant fails to challenge the propriety, correctness, or sufficiency of the information, he or she may not do so for the first time on appeal. (See *People* v. *Valenzuela* (1995) 40 Cal.App.4th 358, 361 [46 Cal.Rptr.2d 715]; see also 9 Witkin Cal. Procedure (3d ed. 1985) Appeal, § 311, pp. 321-322.)

Contrary to appellant's claim, the superior court had jurisdiction over the subject matter and parties. The information was facially sufficient. "Having admitted . . . [the charging dates] by his plea, he cannot now challenge it with a forked tongue on appeal." (*People* v. *Padfield* (1982) 136 Cal.App.3d 218, 227 [185 Cal.Rptr. 903].) The sentence was not "unauthorized by law." Only if appellant was charged with committing the crime when it was a misdemeanor, i.e., before January 1, 1995, would this sentence be "unauthorized by law" and subject to correction. (*People* v. *Panizzon*, *supra*, 13 Cal.4th 68, 88; *In re Harris* (1993) 5 Cal.4th 813, 842 [21 Cal.Rptr.2d 373, 855 P.2d 391].)

*Certificate of Probable Cause*

As indicated, appellant did not obtain a certificate of probable cause. (§ 1237.5.) The notice of appeal recites that he does "not challenge the

validity of the plea." In fact, the recital does challenge the validity of the plea. Defendant claims that he is not guilty of failing to register in 1995, as charged in the information. His theory is that he failed to register in 1994 when the offense was a misdemeanor. This is a direct attack on the validity of the plea which, in the absence of a certificate of probable cause, is not permitted. (*People* v. *Pannizon, supra,* 13 Cal.4th 68, 73.) We dismiss the appeal on our own motion. (See fn. 3, *ante.*)

### New Theory on Appeal

■ It is well established that a party may not change his theory of the case for the first time on appeal. (*People* v. *Witt* (1975) 53 Cal.App.3d 154, 174 [125 Cal.Rptr. 653]; *People* v. *Badgett* (1995) 10 Cal.4th 330, 351 [41 Cal.Rptr.2d 635, 895 P.2d 877].) ■ Here appellant had no theory of defense at the trial level and now seeks to raise ex post facto claims. If *only* a question of law is presented, an appellate court may permit a change in theory. (E.g., *Panopulos* v. *Maderis* (1956) 47 Cal.2d 337, 340-341 [303 P.2d 738]; *People* v. *Carr* (1974) 43 Cal.App.3d 441, 444-445 [117 Cal.Rptr. 714].) Appellant, however, argues that there is a factual dispute as to the appropriate charging date or dates. Consideration of appellant's new theories based upon an asserted factual mistake is foreclosed.

### CONCLUSION

Generally speaking, an appellate court reviews legal rulings made by the trial court. Here there is no ruling to review. Appellant, represented by counsel, elected to plead no contest in exchange for sentence vulnerability of six years. From our perspective, the strategy worked. Instead of a prison term of 25 years to life, appellant was sentenced to prison for 4 years.[4]

The appeal is dismissed.

Stone (S. J.), P. J., and Gilbert, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 28, 1997.

---

[4]In his reply brief, appellant argues that resentencing is required in light of *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628].) Since we dismiss the appeal on procedural grounds, appellant is precluded from here raising the issue.