Filed 5/19/16  P. v. Hargrove CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHYLA HARGROVE,<br><br>    Defendant and Appellant. | 2d Crim. No. B267707<br>(Super. Ct. No. 2010012698)<br>(Ventura County) |

Shyla Hargrove appeals from judgment after an order revoking her postrelease community supervision (PRCS) following her admission that she violated the conditions of her release.  (Pen. Code, § 3450 et seq.)[1]  We affirm.

BACKGROUND

In 2013, Hargrove was convicted after plea of guilty to corporal injury to a spouse or cohabitant.  (§ 273.5.)  The trial court sentenced her to two years in prison.

Hargrove was released under PRCS in November 2013.  The Ventura County Probation Agency is her supervising agency.  As a condition of release, she agreed to report to her probation officer as ordered, report any change of address to her probation officer, use no narcotics or dangerous drugs, submit to drug testing, and actively participate in substance abuse treatment.  She also agreed the probation agency

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

could, without a court hearing, order "flash incarceration" in a county jail for up to 10 days if she violated a condition of her release. (§ 3453, subd. (q).)

In July 2015, Hargrove relocated and did not report her new address, did not participate in substance abuse treatment, and did not report to her probation officer or submit to drug testing. On August 4, 2015, she was arrested. She said she used methamphetamine four days earlier.

One day after her arrest, Senior Deputy Probation Officer Michelle Larson met with Hargrove. Larson advised Hargrove in writing that she had the right to written notice of the alleged violations, the right to an administrative hearing within two days, and the right at that hearing to speak on her own behalf and present letters and documents. Larson gave Hargrove a "PROS Hold" form that identified the alleged violations. Larson advised Hargrove in writing of her right to a formal revocation hearing at which she would have the right to be represented by an attorney, the right to call and confront witnesses, and the right to testify or remain silent. Hargrove acknowledged and waived all of these rights on a "Postrelease Community Supervision Waivers of Rights and Admission Form."

Based on Hargrove's admission, the probation agency filed a revocation petition. Hargrove did not move to dismiss it. She appeared in court with counsel 16 days after arrest. The trial court found that her admission and waiver were valid. It granted the petition.

DISCUSSION

Hargrove contends she was entitled to an arraignment within 10 days and a judicial determination of probable cause within 15 days of her arrest, citing *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*) (minimum due process safeguards for parole revocation); *People v. Vickers* (1972) 8 Cal.3d 451 (*Vickers*) (minimum due process safeguards for probation revocation); and *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (minimum due process safeguards for parole revocation after realignment). Hargrove forfeited this claim because she did not raise it in the trial court. (*People v. Romero* (2008) 44 Cal.4th 386, 411 [constitutional claim forfeited by failure to

2

raise it in the trial court].)  She did not cite these authorities in the trial court or argue at the revocation hearing that she was denied due process.  She is not permitted to change her trial court theory on appeal.  (*People v. Borland* (1996) 50 Cal.App.4th 124, 129.)

At the revocation hearing, Hargrove's attorney did argue that her waiver was premature and she did not have the benefit of counsel:  "She unfortunately signed a waiver, it seems, on August 4th, even though the petition was not filed until August 10th.  She didn't have the benefit of counsel."

The record supports the trial court's determination that the waiver was valid.  The PROS Hold form gave Hargrove notice of the alleged violations before she waived her right to a revocation hearing and admitted the violations.  (*Morrissey*, *supra*, 408 U.S. at pp. 486-487; *Vickers*, *supra*, 8 Cal.3d at p. 456.)  And Hargrove acknowledged in writing that she understood she had a right to counsel and that she waived it "freely, voluntarily, and without any coercion or promise of immunity."  The trial court was entitled to rely on her waiver.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

3

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.