Filed 4/26/23  P. v. Johnson CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PHILLIP JOSEPH JOHNSON,<br><br>    Defendant and Appellant. | 2d Crim. No. B321850<br>(Super. Ct. No. 1411285)<br>(Santa Barbara County) |

Phillip Joseph Johnson appeals the order of the trial court denying his petition for resentencing pursuant to Penal Code section 1172.6[1] (former section 1170.95).[2]  We appointed counsel to represent appellant on appeal.  After an examination of the record, counsel filed an opening brief raising no issues and requesting that we independently review the record, citing *People*

---

[1] All further statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

*v. Flores* (2020) 54 Cal.App.5th 266.  Alternatively, counsel asks this court to follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Appellant filed his own supplemental brief, in propria persona.  We affirm.

*Facts and Procedural Background*[3]

In an information filed in June 2013, appellant was charged with murder after he admitted to stabbing 64-year-old Asta E. in the neck with a knife he had taken from the kitchen, killing her.  (§ 187, subd. (a).)  The information also alleged appellant personally used a knife (§ 12022, subd. (b)(1)), and suffered a prior prison term for a felony conviction (§ 667.5, subd. (b)).

In July 2013, appellant pleaded guilty to second degree murder and admitted the special allegations.  The plea form included a "Written Stipulation of Factual Basis," which read, "On May 30 2012 I entered the bedroom of [Asta E.] with malice aforethought, and killed without lawful excuse [Asta E.] with a knife [sic]."  The plea form also indicated that the trial court could consider the preliminary hearing transcripts and police reports as proof of the factual basis for the plea.

The trial court found appellant guilty and the enhancements to be true and sentenced him to the agreed-upon punishment of 17 years-to-life in state prison.

In May 2022, appellant filed, in propria persona, a form petition for resentencing pursuant to section 1172.6.  After appointment of counsel and an opportunity for the parties to provide briefing, the trial court summarily denied the petition.

---

[3] The following facts are taken from the preliminary hearing transcript.

The trial court's ruling stated, in pertinent part, "The record of conviction reveals that the petitioner was prosecuted as the actual killer. Petitioner admitted stabbing the victim, and petitioner was the only person charged with the victim[']s murder. Felony murder and the natural and probable consequences doctrine . . . played no role in petitioner's murder conviction. ¶ As pointed out by the People, none of the recent amendments under [Senate Bill No.] 1437 [(2017-2018 Reg. Sess.)] or [Senate Bill No.] 775 [(2021-2022 Reg. Sess.)] apply to petitioner."

*Discussion*

Because the instant appeal is from an order denying postconviction relief rather than a first appeal as of right from a criminal conviction, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222, 230; see *People v. Kelly* (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) However, he is entitled to appellate consideration of any contentions raised in his supplemental brief. (See *Delgadillo*, at p. 232; *Serrano*, at p. 503.)

In his supplemental brief, appellant raises a number of contentions challenging his conviction after his guilty plea. For example, he contends his sentence violates the "ex post facto" clause because his "sentence was enhanced on the basis of a statute that was not in existence at the time his crime was committed." Appellant is wrong. His sentence was enhanced after he admitted, and the trial court found true, the special

3

allegations that he used a knife to kill the victim (§ 12022, subd. (b)(1)), and that he suffered a prior prison term (§ 667.5, subd. (b)).

Appellant also challenges the validity of the "warrantless home search" and contends there is reasonable doubt as to the elements of the charged offense. For example, he contends the investigating officer made "inconclusive statements" at the preliminary hearing regarding the "visibility" of the knife. He also contends there was a lack of DNA or fingerprints connecting him to the knife. He further contends his confession was coerced and he received ineffective assistance of counsel.

Appellant's contentions are meritless.

First, appellant may not enter into a negotiated disposition, enjoy its fruits, and then challenge the factual basis for his plea. (*People v. Borland* (1996) 50 Cal.App.4th 124, 127.) Indeed, a plea of guilty admits each element of the offense and is itself a conviction; nothing more remains but to give judgment and determine punishment. (*Id.* at p. 128.) Second, a petition pursuant to section 1172.6 is not a vehicle for such a collateral attack on a guilty plea.

Accordingly, the trial court correctly concluded appellant's crimes do not qualify for the requested relief.

*Disposition*

The order denying appellant's petition for resentencing pursuant to section 1172.6 is affirmed.

4

NOT TO BE PUBLISHED.

                                        YEGAN, J.


We concur:


        GILBERT, P. J.


        BALTODANO, J.

Gustavo Lavayen, Judge
Superior Court County of Santa Barbara

_____

Richard B. Lennon and David Andreasen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.