Filed 11/15/24  P. v. Godley CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TYRONDA SHENISE GODLEY,<br><br>    Defendant and Appellant. | F087623<br><br>(Super. Ct. No. F22902594)<br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Fresno County.  Ryan I. Wells, Judge.

Maureen M. Bodo, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Poochigian, Acting P. J., Smith, J. and Snauffer, J.

Defendant and appellant Tyronda Shenise Godley (defendant) pled no contest to attempted murder and admitted a great bodily injury enhancement. Pursuant to a negotiated plea agreement, defendant was sentenced to 10 years' imprisonment.

Defendant's appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, identifying no error and asking this court to conduct an independent review of the record on appeal. Defendant was given an opportunity to submit a letter stating any grounds for appeal, but she failed to do so within the time allotted. We conducted an independent review of the entire record and find no error. We affirm.

## PROCEDURAL SUMMARY

On March 14, 2023, the Fresno County District Attorney filed an information charging defendant with: attempted willful, deliberate, premeditated murder (Pen. Code,[1] §§ 187, subd. (a), 664; count 1) of the victim, Cheyenne E.; assault with a deadly weapon, to wit, a vehicle (§ 245, subd. (a)(1); count 2); leaving the scene of an accident involving death or permanent, serious injury (Veh. Code, § 20001, subd. (b)(2); count 3); and misdemeanor vandalism (§ 594, subd. (b)(2)(A); count 4). The information further alleged defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)) with respect to counts 1 and 2.

On October 26, 2023, defendant pled no contest to attempted murder and admitted a single great bodily injury enhancement pursuant to a negotiated plea agreement. The trial court confirmed defendant understood the plea agreement, the rights relinquished, and the consequences of her plea. The court found defendant's plea and admission were voluntarily, intelligently, and knowingly made. The parties stipulated to a factual basis for the plea pursuant to *People v. West* (1970) 3 Cal.3d 595. The prosecutor requested the other charges and enhancement be dismissed.

---

[1]     Further undesignated statutory references are to the Penal Code.

On January 10, 2024, the trial court sentenced defendant to 10 years pursuant to the plea agreement consisting of the middle term of seven years for attempted murder and three years for the great bodily injury enhancement.

Defendant filed a timely notice of appeal. Defendant's request for a certificate of probable cause was denied.[2]

## FACTUAL SUMMARY[3]

Defendant was married to Denise N. for eight years, but the couple was having problems and had been separated for a year as of April 2022. Denise had been dating Cheyenne for about two months.

At approximately 9:00 p.m. on April 8, 2022, Denise and Cheyenne were with Denise's sister, N.M., at an apartment in Fresno. Defendant called Denise's phone, but Cheyenne answered the call. Defendant told Cheyenne over the phone that she wanted to fight her. Cheyenne told defendant she would fight her and to stop calling. Defendant told Cheyenne she was already at the apartment complex. Cheyenne looked out the window and saw defendant outside in her car. Cheyenne told N.M. to call the police.

Denise, N.M., and Cheyenne went outside to confront defendant. Defendant was vandalizing Denise's car in the apartment complex's parking lot. Cheyenne yelled at defendant that the police were coming. Defendant yelled at Denise to get into her car and accused Cheyenne of " 'cheating' " with Denise. Cheyenne told defendant she was not, and that defendant needed to leave. Defendant and Cheyenne argued while Cheyenne was standing in front of defendant's car. Defendant kept driving her car back and forth toward Denise and Cheyenne. As defendant drove towards Denise and Cheyenne, Cheyenne pushed Denise out of the way and jumped on the hood of defendant's car to

---

**2**     Defendant filed two notices of appeal and two requests for a certificate of probable cause.

**3**     Because the matter was resolved by plea, the facts are taken from the preliminary hearing transcript and the probation officer's report.

3.

avoid being hit. Defendant drove the car in reverse with Cheyenne on the hood and Cheyenne fell to the ground. Defendant drove the car forward running over Cheyenne, then reversed the car running over Cheyenne again and then fled the scene in her car. As defendant drove away, she yelled, " 'Get that on video tape, b[****]!' "

The Fresno Police were dispatched to the scene and took statements from witnesses including Denise and N.M. Denise identified defendant to the police. Police obtained surveillance footage from multiple residences that showed defendant driving over Cheyenne. Cheyenne was transported to the hospital.

Defendant was arrested on April 13, 2022. After being advised of her rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436, defendant told police she was arguing only with Denise on April 8 at the apartment complex. Defendant said Cheyenne and N.M. came out to the parking lot and tried to fight with defendant. Defendant denied anything else occurred and claimed she drove away. When the police told defendant there was video of her running over Cheyenne, she asked for a lawyer.

As a result of the incident, Cheyenne was temporarily paralyzed and was in the hospital until July 2022. She suffered injuries to several body parts including a broken pelvic bone, shattered hips, five broken ribs, a broken left arm, a broken left wrist, broken fingers, bruised lungs, and a fractured left eye socket. Pins were inserted in Cheyenne's back to hold up her pelvic bone. Cheyenne had stitches on her forehead and neck, staples on the back of her head, as well as burns on several body parts from exposure to the car's heat. It was many months before Cheyenne was able to walk again and she continued to need the assistance of a cane or wheelchair.

## DISCUSSION

Section 1237.5 provides that no appeal shall be taken from a plea of guilty or no contest without a written statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings," and the trial court has executed and filed a certificate of probable cause for such appeal. Here, the trial court denied

4.

defendant's request for a certificate of probable cause. A trial court's denial of a request for a certificate of probable cause must be challenged by a petition for writ of review. (*People v. Johnson* (2009) 47 Cal.4th 668, 676 [denial of a certificate of probable cause is reviewable by a petition for writ].) Defendant has not petitioned for nor obtained such writ relief. Without a certificate of probable cause, defendant may appeal "solely on noncertificate grounds, which go to postplea matters not challenging [her] plea's validity and/or matters involving a search or seizure whose lawfulness was contested pursuant to section 1538.5." (*People v. Mendez* (1999) 19 Cal.4th 1084, 1096; Cal. Rules of Court, rule 8.304(b)(2).)

There are handwritten notes on the two notices of appeal defendant filed in propria persona under each notice's place to request a certificate of probable cause. The notes suggest defendant is challenging the sufficiency of the evidence to support her conviction and further appears to allege her plea agreement, including the sentence, was inadequately explained to her. As noted above, defense counsel filed a *Wende* brief identifying no basis for relief and asking that we review the record to determine if there were any arguable issues on appeal. By letter dated September 3, 2024, we invited defendant to submit a letter with any grounds for appeal she wished us to consider. Defendant did not respond to our invitation.

A plea of guilty or no contest admits each element of the offense and constitutes a conclusive admission of guilt. (*People v. Borland* (1996) 50 Cal.App.4th 124, 128; § 1016(3) [nolo contendere plea is the same as a guilty plea].) Defendant's claims regarding her plea agreement and sentence are not cognizable to the extent they challenge the validity of her plea because she did not obtain a certificate of probable cause. (*People v. Mendez*, *supra*, 19 Cal.4th at pp. 1095–1096; *People v. Panizzon* (1996) 13 Cal.4th 68, 79 [a challenge to a negotiated sentence imposed as part of a plea bargain is a challenge to the validity of the plea itself requiring a certificate of probable cause].) Having

carefully reviewed the entire record, we conclude that there is no arguable issue on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## DISPOSITION

The judgment is affirmed.