Filed 8/29/25  P. v. Wimberly CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101179, C101196 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 02F09968, 00F03503) |
| v. | |
| LARRY WIMBERLY, | |
| Defendant and Appellant. | |

In these consolidated matters, defendant Larry Wimberly appeals from the trial court's orders denying his motion to vacate a conviction (Pen. Code, § 1473.7)[1] in one case, and denying his request to recall a sentence and resentence him (§ 1172.1) in another.  We affirm both orders.  We also agree with the parties that the abstract of judgment in one case should be corrected.

---

[1]  Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In 1990, Wimberly was convicted of second degree rape in Oklahoma after pleading no contest to the charge. Ten years later in California, in case No. 00F03503, Wimberly pled no contest to a charge of failing to register as an out-of-state sex offender (former § 290, subd. (g)(2))[2] and was sentenced to prison. We will hereinafter refer to this 2000 California judgment as case 1. In 2003, after a California jury found Wimberly guilty of two counts of rape and one count of kidnapping to commit rape, the trial court ruled his 1990 Oklahoma rape offense was a prior serious felony (§ 667, subd. (a)) and qualified as a rape under California law (§ 261, subd. (a)(2)), which triggered the "habitual sexual offender" sentencing scheme (§ 667.71).[3]

The trial court made this ruling because even though the use of force or fear is an element of section 261, subdivision (a)(2) and is *not* an element of second degree rape in Oklahoma, Wimberly's "actual conduct"—as illuminated by the record of conviction (including the 1990 preliminary hearing transcript, which the trial court admitted into evidence at the 2003 hearing)—met all the elements of rape in California. The trial court cited *People v. Riel* (2000) 22 Cal.4th 1153 for the proposition that it could "examine the entire record" to determine whether Wimberly's "conduct met the requirements of the

---

[2] This registration requirement is now located in section 290.005.

[3] Section 667.71, subdivision (a) provides that "a habitual sexual offender is a person who has been previously convicted of one or more of the offenses specified in subdivision (c) and who is convicted in the present proceeding of one of those offenses." Subdivision (b) provides that a habitual sexual offender must be punished by imprisonment for a term of 25 years to life for each sexual offense specified in subdivision (c). Subdivision (c)(13) provides that an offense committed in another jurisdiction that includes "all of the elements" of a California offense specified in subdivision (c)—including rape (§ 261, subd. (a)(2))—triggers the habitual sexual offender sentencing regime. (§ 667.71, subds. (a), (b), (c).)

2

California penal statute."[4] After finding the habitual sexual offender sentencing scheme applicable, in case No. 02F09968, the trial court sentenced Wimberly to prison for 150 years to life plus five years for the section 667, subdivision (a) enhancement. We will hereinafter refer to this 2003 California judgment as case 2.

In 2024, Wimberly claimed his 1990 Oklahoma conviction was improperly used in both case 1 and case 2. Regarding case 1, he argued in a motion to vacate his conviction (§ 1473.7, subd. (a)(2)) that "after viewing the [s]entencing [t]ranscripts" from his Oklahoma case, he discovered that "there is no order requiring [him] to register as a sex offender in Oklahoma," which meant he never had to register as an out-of-state sex offender in California, the offense he was convicted of in case 1. Regarding case 2, he argued in a request for recall of sentence and resentencing (§ 1172.1) that the Oklahoma conviction was improperly used to increase his sentence. The trial court denied the motion to vacate in case 1 and dismissed the request for recall in case 2.

The trial court denied the motion to vacate in case 1 on two grounds. First, it concluded that the motion was not based on " 'newly discovered' evidence" within the meaning of section 1473.7, subdivision (a)(2), because Wimberly had known since at least 2001 that he was not required to register as a sex offender in Oklahoma, as evidenced by a letter he sent to the court asserting the absence of that requirement. Second, the court found that the lack of a registration requirement in Oklahoma was not dispositive, because under California law at the time of the conviction in case 1, a person

_____

[4] See *People v. Riel*, *supra*, 22 Cal.4th at pages 1204-1205 (reaffirming that, notwithstanding language in Penal Code provisions that limit the effect of prior convictions from other jurisdictions to offenses that " 'include[ ] all of the elements of' " an analog offense in California, the " 'trier of fact may consider the entire record of the proceedings leading to imposition of judgment on the prior conviction to determine whether the offense of which the defendant was previously convicted *involved conduct which satisfies all of the elements of the comparable California serious felony offense*' " (italics added)).

3

was required to register as a sex offender in California if either of the following applied: (1) the person was required to register in another state for an offense a court in that state found was committed as a result of sexual compulsion or for purposes of sexual gratification, or (2) the out-of-state offense, if committed in California, would require registration as a sex offender under California law. The court reasoned that the second scenario applied, because Wimberly would have been required to register had he committed his 1990 rape offense in California.

The trial court ostensibly dismissed the recall request in case 2 after determining that Wimberly was not entitled to seek relief under section 1172.1. However, after ruling that the petition was "dismissed without action," the court went on to explain that, even assuming Wimberly had the right to file such petition, it would nonetheless deny the request. The court noted that it had reviewed the probation report—which included a factual summary of the offense as well as Wimberly's prior history—as well as Wimberly's pleading and supporting exhibits. Based on that review, the court declined to recall the sentence. Wimberly appeals both rulings.

DISCUSSION

I

*Case 1*

Wimberly argues in his opening brief that the trial court erred in denying his motion to vacate, asserting he was factually innocent of failing to register as a sex offender because his prior Oklahoma offense was not a qualifying registerable offense. The People respond that the trial court did not err, as the evidence Wimberly relied on was not "newly discovered" within the meaning of section 1473.7. In his reply brief, Wimberly addresses the trial court's newly discovered evidence ruling for the first time and articulates a new theory on appeal. We decline to consider this argument, as it is doubly forfeited—first, because it was not raised in the opening brief, and second, because it presents a new theory not asserted in the trial court.

4

A.       *"Newly Discovered Evidence" Under Section 1473.7*

Relevant here, section 1473.7 provides:  "(a) A person who is no longer in criminal custody may file a motion to vacate a conviction or sentence for any of the following reasons:  [¶] . . . [¶] (2) *Newly discovered evidence of actual innocence* exists that requires vacation of the conviction or sentence as a matter of law or in the interests of justice."  (§ 1473.7, subd. (a)(2), italics added.)

The phrase "newly discovered evidence" in the statute means "testimony, writings and similar things described in Evidence Code section 140 (which defines 'evidence'), discovered after trial or judgment, and that with reasonable diligence could not have been discovered earlier."  (*People v. Perez* (2020) 47 Cal.App.5th 994, 999, italics omitted; see § 1473.7, subd. (c) [a motion pursuant to § 1473.7, subd. (a)(2) "shall be filed without undue delay from the date the moving party discovered, or could have discovered with the exercise of due diligence, the evidence that provides a basis for relief under this section"].)

B.       *Analysis*

Wimberly argues that the trial court's newly discovered evidence ruling employed flawed reasoning when it denied his motion to vacate on the ground that he had known since at least 2001 that he was not required to register as a sex offender in Oklahoma, as evidenced by a letter he sent to the court at that time.  He contends that his mere "awareness . . . of the legal grounds for his claim" does not constitute "*evidence*" within the meaning of section 1473.7.  According to Wimberly, the relevant newly discovered evidence is an August 2003 report from the Sacramento District Attorney's Office, which he asserts provides key evidentiary support for his claim of actual innocence and did not exist at the time he sent the 2001 letter.

This appellate claim is doubly forfeited, because it is a new theory on appeal that was not raised in the opening brief. (*People v. Morales* (2020) 10 Cal.5th 76, 98 [finding argument "doubly forfeited" by appellant's failure to object in trial court or raise issue in opening appellate brief]; *People v. Collins* (2020) 52 Cal.App.5th 627, 634, fn. 4 ["The failure to raise this argument in his opening brief forfeits defendant's ability to make the argument in reply because the Attorney General has no opportunity to respond"]; *People v. Borland* (1996) 50 Cal.App.4th 124, 129 ["It is well established that a party may not change his theory of the case for the first time on appeal"].) Although Wimberly addressed the trial court's determination that he would have been required to register as a sex offender in California had he committed the Oklahoma rape here, he did not present any argument in his opening brief challenging the court's separate finding that the evidence he relied on was not "newly discovered."

Further, and as explained above, Wimberly's theory in his motion was that, *after viewing the sentencing transcripts from his Oklahoma case*, he discovered he had never been ordered to register as a sex offender in that state. Although the August 2003 report from the Sacramento District Attorney's Office was included as a supporting exhibit to his motion to vacate, Wimberly cited it merely for context—specifically, to suggest a conspiracy among law enforcement officers to compel him to register. He did not rely on the report as evidence of actual innocence. (See *In re Lawley* (2008) 42 Cal.4th 1231, 1240 [actual innocence claims based on newly discovered evidence "do not attack the procedural fairness of the trial"; rather, they "seek a reexamination of the very question" of the defendant's guilt].) Accordingly, Wimberly's claim in case 1 is forfeited.[5]

---

[5] If we were to reach Wimberly's original theory for relief under section 1473.7, we would reject it. Wimberly offered no explanation in his motion as to why the sentencing transcript from his 1990 Oklahoma conviction would have been unavailable to him at the time he entered his no contest plea in 2000 for failing to register as a sex offender. (*People v. Camacho* (2022) 14 Cal.5th 77, 123 [a trial court's ruling may be affirmed on

6

## II

### *Case 2*

Wimberly contends that his sentence under the habitual sexual offender sentencing scheme was "unauthorized" because his Oklahoma offense did not qualify as a prior conviction for purposes of the statute. The People respond that the trial court properly applied the law in effect at the time of sentencing in 2003, and that any subsequent changes to the law were procedural rather than substantive; thus, the 2003 determination that Wimberly was a habitual sexual offender remains valid. We reject Wimberly's contention, as it is based on the incorrect premise that his 2003 sentence was "unauthorized." Before addressing the merits of Wimberly's claim, however, we first consider whether the trial court's order denying his recall request is appealable. We conclude that it is, because the court considered and ruled on the merits of Wimberly's request.

### A. *Section 1172.1*

Effective January 1, 2024, section 1172.1, subdivision (a), as amended, authorizes the trial court to recall and resentence a defendant on its own motion at any time if the sentencing laws applicable at the time of original sentencing are changed by new statutory authority or case law. (Stats. 2023, ch. 795, § 1.5.) Specifically, section 1172.1, subdivision (a)(1) now provides: "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation . . . , the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . , recall the sentence and commitment previously ordered and resentence the defendant in

---

any correct ground]; cf. *In re Hardy* (2007) 41 Cal.4th 977, 1016 [evidence of alleged innocence was not "newly discovered" where it was reasonably available through a thorough pretrial investigation].)

7

the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."

Under the amended statute, a defendant is not entitled to file a petition seeking resentencing relief, and the court has no obligation to respond to a defendant's request for such relief.  (§ 1172.1, subd. (c).)

B.    *Appealability*

Before turning to the merits of the trial court's section 1172.1 ruling, we first consider its appealability.  The right to appeal is purely statutory.  (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.)  "[A] party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute."  (*Ibid*.)  Absent an appealable order, an appellate court lacks jurisdiction to consider an appeal.  (*People v. Montellano* (2019) 39 Cal.App.5th 148, 153.)  The question before us is whether Wimberly's appeal in case 2 is permissible under section 1237, subdivision (b), which authorizes a criminal defendant to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party."

A trial court's order denying relief that it has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b).  (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1085; see also *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.)  An appeal from such an order must be dismissed.  (*People v. Mendez* (2012) 209 Cal.App.4th 32, 34 [applying *Turrin* and dismissing appeal].)  "Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced."  (*People v. Karaman* (1992) 4 Cal.4th 335, 344.)

8

Here, the execution of Wimberly's sentence commenced in 2003.  Absent an exception to the general common law rule, the trial court lacked jurisdiction to resentence him in 2024 when he filed his resentencing petition.

Section 1172.1 provides such an exception to the general rule that a trial court loses jurisdiction to resentence a defendant once execution of the sentence has begun. (*People v. King* (2022) 77 Cal.App.5th 629, 637; *People v. E.M.*, *supra*, 85 Cal.App.5th at p. 1082; see also *Dix v. Superior Court* (1991) 53 Cal.3d 442, 448, fn. 3 [interpreting former § 1170, subd. (d), which included similar language and was the precursor to § 1172.1].)  When the trial court denied Wimberly's recall request in 2024, section 1172.1 had recently been amended, effective January 1, 2024, to authorize the court, on its own motion, to recall and resentence a defendant within 120 days of commitment or at any time if the sentencing laws applicable at the original sentencing have since changed due to new statutory authority or case law.  (Stats. 2023, ch. 795, § 1.5.)  Although these amendments expanded the trial court's authority to resentence Wimberly, we must still determine whether the trial court's order denying his self-initiated request for resentencing relief constituted an order affecting his substantial rights.  We now turn to that question.

Invoking *People v. Hodge* (2024) 107 Cal.App.5th 985, the People argue that because section 1172.1 does not authorize defendant-initiated requests for resentencing— and because the trial court is under no obligation to respond to such requests—the court's denial could not have affected Wimberly's substantial rights.  As in this case, the defendant in *Hodge* filed a pro. per. request for resentencing under section 1172.1.  The trial court issued an order stating it " 'respectfully decline[d] to exercise its discretion to recall [the defendant's] sentence.' "  (*Hodge*, at p. 991.)

9

In concluding the order was not appealable, the *Hodge* court reasoned that trial courts are free to disregard such requests under section 1172.1, subdivision (c), and thus: "It follows that a defendant who chooses to file [such a] request for resentencing has no *right* to a ruling. The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*People v. Hodge*, *supra*, 107 Cal.App.5th at p. 996.)

We agree with Wimberly that the present case is distinguishable from *Hodge*. In *Hodge*, the trial court simply issued an order declining to exercise its discretion under section 1172.1 without addressing the merits of the request. Here, by contrast, the trial court expressly considered the merits of Wimberly's petition, stating that it had reviewed the probation report, the section 1172.1 petition, and the accompanying exhibits, and was denying the request based on that review.

Under these circumstances, we conclude that the order is appealable. While Wimberly had no statutory right to file a resentencing petition under section 1172.1, and the trial court was not required to respond, the court's decision to engage with the merits transformed the order into one that affected Wimberly's substantial rights. Had the trial court simply declined to respond, there would be no order to appeal. But once the court evaluated and denied the request on the merits—rather than merely declining to act as in *Hodge*—its ruling became a reviewable postjudgment order.[6] (Cf. *People v. Superior*

---

[6] The parties do not discuss *People v. Roy* (2025) 110 Cal.App.5th 991, a recent decision by a different panel of this court that was published nearly one month before the People filed their respondent's brief. In *Roy*, the trial court dismissed the defendant's request for resentencing and expressly " 'decline[d] to make its own motion for recall and resentencing,' " without engaging with the merits of the request. (*Id.* at p. 995.) The court held that the order did not affect the defendant's substantial rights and therefore was not appealable under section 1237, subdivision (b). (*Id.* at p. 1001.) Here, by contrast,

10

*Court* (*Romero*) (1996) 13 Cal.4th 497; *People v. Carmony* (2004) 33 Cal.4th 367, 375 ["A defendant has no right to make a motion, and the trial court has no obligation to make a ruling, under section 1385. But he or she does have the right to 'invite the court to exercise its power' " to dismiss a prior strike, and may raise a trial court's erroneous failure to do so on appeal]; *People v. Loper*, *supra*, 60 Cal.4th at p. 1162 [the defendant could appeal the trial court's denial of the Department of Correction and Rehabilitation's request for compassionate release even though the defendant did not have standing himself to petition for release].) We thus turn to whether the court erred in denying his section 1172.1 request.

    C.    *Analysis*

Wimberly contends the trial court abused its discretion by denying his recall request because, upon considering the merits, the court "became aware, or should have become aware," that his 2003 sentence was "unauthorized" and therefore subject to correction at any time, and therefore *had* to be corrected when it was before the trial court.[7] This contention is unpersuasive, as it rests on the false premise that the 2003 sentence was "unauthorized" in the way that Wimberly seeks to use the term.

"The unauthorized sentence doctrine is designed to provide relief from forfeiture for 'obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings.' [Citation.] It applies when the trial court has imposed a sentence that 'could not lawfully be imposed *under any circumstance* in the particular case.' " (*People v. Anderson* (2020) 9 Cal.5th 946, 962, italics added.) An unauthorized sentence may be corrected at any time by a court with

and as explained above, the trial court did engage with the merits of Wimberly's request. Accordingly, *Roy* is distinguishable.

[7] Wimberly's claim that his sentence is unauthorized relates to the trial court's determination that his 1990 offense qualified as rape under California law, a determination the trial court arrived at by reviewing the record of the 1990 conviction.

jurisdiction. (*People v. Cabrera* (2018) 21 Cal.App.5th 470, 477.) The unauthorized sentence doctrine "is not merely a matter of labeling." (*Id*. at p. 478.) An "erroneous sentence" is not the same thing as an "unauthorized sentence." (*Ibid*.) A sentence that was proper when imposed may become "erroneous" in light of subsequent legislation and case law. But a sentence that was authorized when imposed cannot later become unauthorized, just as a sentence that was unauthorized when imposed cannot " 'ripen into' " an authorized sentence. (*Ibid*.)

Here, it is undisputed that when the trial court ruled in 2003 that Wimberly's 1990 Oklahoma rape qualified as rape under section 261, subdivision (a)(2), it was permitted to examine the record of the 1990 offense.[8] (See *In re Milton* (2019) 42 Cal.App.5th 977, 986 [explaining that in *People v. McGee*, *supra*, 38 Cal.4th 682, a case where the trial court "examined the record of two prior robbery convictions the defendant had received in Nevada to determine if those convictions were serious felonies" under California law by "review[ing] a preliminary hearing transcript and other court records in each of the Nevada convictions," our Supreme Court ruled the trial court's inquiry was lawful].) In this case, the trial court determined that the record of Wimberly's 1990 guilty plea, which included a preliminary hearing transcript admitted into evidence in 2003, reflected that Wimberly's "actual conduct" in 1990 constituted rape as defined in section 261, subdivision (a)(2). That finding, in turn, triggered the application of the habitual sexual offender sentencing scheme.

---

[8] Wimberly asserts that *People v. McGee* (2006) 38 Cal.4th 682 provides relevant guidance regarding how a trial court should determine whether a foreign prior conviction qualifies under the habitual sexual offender law. The People contend that *People v. Gallardo* (2017) 4 Cal.5th 120 stands for the proposition that trial courts can no longer conduct the type of inquiry the trial court conducted in 2003 to determine that Wimberly's 1990 offense qualified as rape under California law.

12

Thus, the 2003 sentence in case 2, which resulted from the trial court's determination that Wimberly was a habitual sexual offender, was *not* a sentence that could not lawfully be imposed under any circumstance. Therefore, it was not—and is not—"unauthorized." (*People v. Anderson*, *supra*, 9 Cal.5th at p. 962; *People v. Cabrera*, *supra*, 21 Cal.App.5th at p. 478.) This is true even if—viewed in hindsight—the sentence can reasonably be characterized as "erroneous." (See *In re Milton* (2022) 13 Cal.5th 893, 900-903; *id*. at p. 915 ["Although the rule we announced in *Gallardo* modified the permissible procedures for finding facts about a defendant's prior convictions, the factfinding procedures in place prior to *Gallardo* did not lack basic integrity or fairness"].)

Accordingly, the trial court did not abuse its discretion by denying Wimberly's recall request. (See *People v. McCallum* (2020) 55 Cal.App.5th 202, 211 [abuse of discretion standard of review].)

### III

#### *Abstract of Judgment in Case 2*

The parties agree that the abstract of judgment in case 2 must be corrected to accurately reflect the sentencing changes made in 2022. Specifically, the parties agree that the trial court should be directed to correct the abstract to show a current sentence of 100 years to life, plus a determinate term of five years for the section 667, subdivision (a) enhancement. We agree with this assessment and will order the clerk of the trial court to correct the abstract of judgment accordingly.

## DISPOSITION

The orders are affirmed.  The clerk of the trial court is directed to correct the abstract of judgment in case 2 (case No. 02F09968) so that it reflects a sentence of 100 years to life plus a five-year enhancement under section 667, subdivision (a), and to deliver a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

 

 

 

                                          /s/
                                     BOULWARE EURIE, J.

 

 

We concur:

 

 

      /s/
MAURO, Acting P. J.

 

 

      /s/
FEINBERG, J.

