Filed 3/4/26  P. v. Goldstone CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F089429 |
| Plaintiff and Respondent, | (Super. Ct. No. RF009430A) |
| v. | |
| JIMMY JAVIER GOLDSTONE, | OPINION |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth Green, Judge.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Levy, J. and Harrell, J.

Defendant and appellant Jimmy Javier Goldstone pled no contest to possession of a firearm by a felon, possession for sale of cocaine and methamphetamine, and receiving proceeds known to be derived from a controlled substance offense. He was sentenced to five years four months in prison pursuant to a plea agreement.

Goldstone's appointed counsel filed an opening brief which summarizes the facts, identifies no issues, and asks this court to conduct an independent review of the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We will affirm.

## BACKGROUND

On April 9, 2024, the Kern County District Attorney filed a felony complaint alleging Goldstone committed: eight counts of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); counts 1–8); two counts of maintaining a place for selling or using a controlled substance (Health & Saf. Code, § 11366; counts 9–10); one count of possession for sale of cocaine (Health & Saf. Code, § 11351; count 11); one count of possession for sale of methamphetamine (Health & Saf. Code, § 11378; count 12); one count of receiving stolen property (Pen. Code, § 496, subd. (a); count 13); and one misdemeanor count of possession of a smoking device (Health & Saf. Code, § 11364; count 14). The complaint further alleged a drug weight enhancement on count 11 (Health & Saf. Code, § 11370.4, subd. (a)(1)) and count 12 (Health & Saf. Code, § 11370.4, subd. (b)(1)).

On June 17, 2024, the complaint was amended to add count 15 for receiving or acquiring proceeds over $25,000 known to be derived from a controlled substance offense with the intent to conceal or disguise the source of the proceeds (Health & Saf. Code, § 11370.9, subd. (a)), with an alleged aggravating factor for a crime involving an attempted or actual taking or damage of great monetary value (Cal. Rules of Court, rule 4.421(a)(9)). On that date, Goldstone pled no contest to counts 1, 11, 12, and 15. He also admitted a weight enhancement allegation on count 11 (Health & Saf. Code, § 11370.4, subd. (a)(1)) and the aggravating factor on count 15. The plea was entered

2.

pursuant to a negotiated plea bargain for a sentence of five years four months. The trial court confirmed Goldstone understood the plea agreement, the rights relinquished, and the consequences of his plea. The court found Goldstone's plea and admission were voluntarily, intelligently, and knowingly made. The parties stipulated to a factual basis for the plea based on the police reports.[1] The parties further stipulated the maximum fine is $250,000 on count 15. The court granted the prosecutor's motion to dismiss the remaining counts and enhancements.

Goldstone subsequently sought to withdraw his plea but later abandoned those efforts.

On February 20, 2025, the trial court sentenced Goldstone to five years four months pursuant to the plea agreement consisting of: the middle term of three years on count 15, eight months on count 1 (one-third of the middle term), one year on count 11 (one-third of the middle term), and eight months on count 12 (one-third of the middle term). The court imposed the mandatory fines and fees.

On March 3, 2025, Goldstone, as a self-represented litigant, filed a handwritten notice stating he "would like to appeal" his case. He did not obtain a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent Goldstone in this appeal. As discussed above, Goldstone's counsel filed a *Wende* brief identifying no basis for relief and asking that we review the record to determine if there were any arguable issues on appeal. By letter

---

[1] The police reports are not in the record and the probation officer's report does not include a summary of the facts underlying the charges. A bail motion in the record indicates the charges may stem from a probation search that uncovered large quantities of cocaine, methamphetamine, and cash. Goldstone's no contest plea admits each element of the offense and constitutes a conclusive admission of guilt. (*People v. Borland* (1996) 50 Cal.App.4th 124, 128; Pen. Code, § 1016, subd. (3) [nolo contendere plea is the same as a guilty plea].)

3.

dated September 29, 2025, we invited Goldstone to submit a letter with any grounds for appeal he wished us to consider. To date, he has not done so.

Having carefully reviewed the entire record, we conclude there is no arguable issue on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441–443.) Goldstone's no contest plea and failure to obtain a certificate of probable cause limit the potential scope of his appeal to "matters occurring after the plea or admission that do not affect the validity of the plea or admission," "[t]he denial of a motion to suppress evidence under Penal Code section 1538.5," or "[a]n appealable order for which, by law, no certificate of probable cause is required." (Cal. Rules of Court, rule 8.304(b); see Pen. Code, § 1237.5; *People v. Panizzon* (1996) 13 Cal.4th 68, 77–79 [a defendant cannot challenge a sentence imposed pursuant to a plea agreement without a certificate of probable cause].) The record does not demonstrate the existence of any such issue.

**DISPOSITION**

The judgment is affirmed.